# Court of Appeals
# of the State of Georgia

ATLANTA,  June 02, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0228. IN THE INTEREST OF A. D., A CHILD.**

Appellants Jesse and Courtenay Boland are A. D.'s foster parents. They appeal from the juvenile court's order terminating the parental rights of A. D.'s biological parents and awarding permanent custody of A. D. to the Department of Family and Children Services ("DFCS") to be placed for adoption with a new foster family. Appellants challenge various aspects of the juvenile court's ruling with respect to A. D.'s permanent disposition. However, Appellants lack standing and cannot maintain this appeal.

It is well settled that "only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so." (Citation and punctuation omitted.) *Ford v. Reddick*, 319 Ga. App. 482, 482-483 (1) (735 SE2d 809) (2012). See also OCGA § 15-11-19 (a). Here, there is no indication in the record that Appellants were parties to the case below or that Appellants moved to intervene in the case.

Nor do Appellants have standing to appeal on the basis that they are "aggrieved" by the challenged ruling. See *Caruthers v. Chan*, 354 Ga. App. 826, 827 (1) (841 SE2d 475) (2020) (non-party had standing to challenge judgment because she was "directly aggrieved by the decision"); *In the Interest of J.R.P.*, 287 Ga. App. 621, 622 (1) (652 SE2d 206) (2007) ("[A] person may only challenge a ruling which has adversely affected his or her own rights.") (citations and punctuation omitted). Appellants were not awarded legal custody or guardianship of A. D., and A. D.'s placement with Appellants for foster care did not operate to transfer custody from DFCS to Appellants. See *Dept. of Human Servs. v. Duncan*, 351 Ga App. 332, 338

(831 SE2d 4) (2019) (Department of Human Services retains legal custody of children it places in foster homes). Moreover, as foster parents, Appellants do not have a right either to custody of or to adopt A. D. See *Owen v. Watts*, 303 Ga. App. 867, 869 (2) (695 SE2d 62) (2010) ("Georgia law provides no right for foster parents to adopt.").

Accordingly, Appellants lack standing to maintain this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__06/02/2022_____*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*