PRICE *v*. NATIONAL UNION FIRE INS. CO.

1. DEEDS—NONEXISTENT GRANTEE.
   A deed running to a nonexistent grantee is a nullity.

2. SAME—FICTITIOUS NAMES.
   Where the owner of property executes a deed, intending title to pass thereby, the deed is effective even though the owner uses a fictitious name.

3. TENANCY IN COMMON—DEEDS.
   Deed wherein owner used a fictitious name as grantor in deeding to himself and plaintiff jointly with full rights of survivorship and not as tenants in common created a tenancy in common in grantor and plaintiff.

4. DEEDS—DELIVERY.
   The unconditional manual delivery of a deed to the grantee at the time of execution constitutes an effective delivery.

5. INSURANCE—FIRE INSURANCE—STANDARD SOLE OWNERSHIP PROVISION.
   Statutory standard fire insurance policy providing that it was void where interest of insured was other than unconditional and sole ownership unless provided therein in writing was invalidated where policy stated property was owned by a certain person whereas at the time of occurrence of loss plaintiff had an interest in it as a tenant in common (3 Comp. Laws 1929, § 12572).

Appeal from Manistee; Neal (Max E.), J.   Submitted April 2, 1940.   (Docket No. 9, Calendar No. 40,946.)   Decided September 6, 1940.

Amended bill by Isabell Subjinski Price, individually and as executrix of the estate of John W. Conat, deceased, against National Union Fire Insurance Company, a corporation, for a declaratory decree determining the title to property and the rights to proceeds of fire insurance policies.   From decree rendered, defendant appeals.   Reversed.

*Campbell & Campbell,* for plaintiff.

*Norris, McPherson, Harrington & Waer* and *John C. Cary,* for defendant.

BUSHNELL, C. J.  Plaintiff, claiming to be the owner of certain premises in the city of Manistee as the survivor of herself and John Wesley Conat, who died on December 22, 1937, sought a decree establishing her title and requiring defendant to pay her the proceeds of two fire insurance policies.

Conat, an unmarried man, acquired title to the premises in 1927.  In 1930 he conveyed the same by quitclaim deed to "Letta Electa Merrittick," this deed being recorded January 26, 1933.  On March 3, 1933, a quitclaim deed was executed by "Letta Electa Merrittick" to Conat and Isabell Subjinski, jointly, with full rights of survivorship and not as tenants in common.  This deed was not recorded until December 27, 1937.  There was recorded on July 26, 1937, a power of attorney, dated November 16, 1935, from "Letta Electa Merrittick," appointing John W. Conat her attorney in fact and authorizing him to handle all business transactions relating to "my property located in Manistee, Michigan, now known and occupied by Kuehl's Restaurant." On December 3, 1937, Conat made a will in which he gave all of his property to Isabell Subjinski Price.

The premises were insured by defendant against loss or damage by fire, et cetera, in 1936.  The policies named "L. E. Merrittick" as the insured.  The agent of the defendant who wrote the fire insurance policies at Conat's request said that Conat told him the property was owned by "Letta Electa Merrittick," his aunt, who lived in Toledo.  The property was damaged by fire during the month of October, 1937.  An adjustment was made with Conat as at-

torney in fact for "Merrittick," and a proof of loss was so signed. Defendant issued two checks dated November 27, 1937, to L. E. Merrittick and John W. Conat in the sum of $2,200.10 each. Conat was in University Hospital at Ann Arbor and, because of his serious illness, the checks were not indorsed for payment or deposit prior to his death, and defendant stopped payment.

Plaintiff testified that Conat had a sister whose name was Letta Electa Merrit, who died some 10 or 15 years ago; that during 1930 or 1931 Conat had some trouble over a threatened lien for a sign which was placed upon the building; that, because of this, he put the title in the name of "Letta Electa Merrittick," having added the "tick" to his deceased sister's name; and that he used this name in the operation and handling of the property. She identified the signature of "Merrittick" on the quitclaim deed to Conat and herself as being in the handwriting of Conat.

After the execution of the deed from "Merrittick" to Conat and Subjinski, it was delivered by Conat to Mrs. Price, who retained it for a year or longer and then returned it to Conat. This unrecorded deed was retained by Conat until about two weeks before his death, when he returned it to Mrs. Price. The deed ran to Mrs. Price in her maiden name of Subjinski, although she had been married since 1920.

The trial court determined that Conat and "Merrittick" were one and the same person; that Conat was the sole and unconditional owner in fee simple of the insured property; and that there was no change in ownership until Conat delivered the 1933 deed to plaintiff in December of 1937. The court held that the deed to "Merrittick" and the power of

attorney from "her" to Conat were nullities and that plaintiff, as executrix of Conat's estate, was entitled to recover the proceeds of the insurance. Plaintiff was permitted to amend her petition in order to proceed in her official capacity.

Defendant on appeal contends that the insurance policies are void on two grounds: First, that Conat was not the sole and unconditional owner of the insured premises at the time of the loss; and second, because of the misstatements, et cetera, in connection with securing the insurance and making the proof of loss.

The insurance policies provide that:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto. Ownership, et cetera (a) if the interest of the insured be other than unconditional and sole ownership when loss or damage occurs."

The deed in 1930 from Conat to "Merrittick" ran to a nonexistent grantee and, therefore, was a nullity. *Skinner* v. *Grace Church of Mount Clemens,* 54 Mich. 543; *Badeaux* v. *Ryerson,* 213 Mich. 642.

In 1933 a deed to Conat and Subjinski, drawn in the name of "Merrittick," was executed at a time when title to the property was in Conat. Where the owner of property executes a deed, intending title to pass thereby, the deed is effective even though the owner uses a fictitious name. See *David* v. *Williamsburg City Fire Ins. Co.,* 83 N. Y. 265 (38 Am. Rep. 418), where the owner conveyed to a fictitious person and then conveyed to the plaintiff, using the fictitious name. It was held that title passed to plaintiff. The deed in the instant case, though executed in the name of "Merrittick," must be treated as though Conat had used his own name as grantor. Thus this deed was an attempt by Conat to convey

to himself and another as joint tenants. Such a conveyance creates a tenancy in common. *Wright v. Knapp,* 183 Mich. 656, and *Michigan State Bank of Eaton Rapids v. Kern,* 189 Mich. 467.

Whether or not Conat was the sole and unconditional owner of the premises when the loss occurred depends upon the effective date of the 1933 deed which, in turn, depends upon the date of legal delivery.

There was an unconditional manual delivery of the 1933 deed to the grantee at the time it was executed. It was an effective delivery. *Dawson v. Hall,* 2 Mich. 390; *Dyer v. Skadan,* 128 Mich. 348 (92 Am. St. Rep. 461); *Wilbur v. Grover,* 140 Mich. 187; *Wipfler v. Wipfler,* 153 Mich. 18 (16 L. R. A. [N. S.] 941); and *Hojnacki v. Hojnacki,* 281 Mich. 636. The trial judge erred in holding that there was no effective delivery of the deed until two weeks before Conat's death in 1937.

Conat and Subjinski being tenants in common, the interest of the insured was not the unconditional and sole ownership required by the statutory language of the policies. See 3 Comp. Laws 1929, § 12572 (Stat. Ann. § 24.422), and *Ornatowski v. National Liberty Ins. Co. of America,* 290 Mich. 241.

The trial court erred in not holding the policies void.

It is unnecessary to pass upon the fraud question.

The decree entered below is vacated and one may be entered here in conformity with this opinion. Costs to appellant.

SHARPE, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.