(No. 26005.)

Wirt Herrick, Exr., Appellee, *vs.* Ira D. Lain, Appellant.

*Opinion filed February 18, 1941.*

Stone & Taylor, for appellant.

Lyle G. Herrick, and Ben F. Railsback, for appellee.

Mr. Chief Justice Gunn delivered the opinion of the court:

Appellee, Wirt Herrick, executor of the last will and testament of Edith M. Lafferty, deceased, brought suit in the circuit court of McLean county for specific performance of a contract in writing selling real estate to Ira D. Lain. The circuit court decreed the relief prayed, and appellant appeals to this court on the ground that a freehold is involved.

By written contract dated July 11, 1940, appellant agreed to buy and appellee agreed to sell the real estate involved for a consideration of $56,000. The contract, among other things, provided that an abstract showing merchantable title should be furnished to the purchaser. The abstract disclosed that appellee's title to a portion of

the premises was based upon a deed executed December 4, 1882, by James L. Crumbaugh and his wife to their daughter, Edith M. Lafferty. Appellee, the executor of the last will and testament of Edith M. Lafferty, executed the contract by virtue of certain powers set out in the will.

By the deed in question the grantors convey and warrant the property "to Edith M. Lafferty, daughter of said grantors, and to her children," etc. In addition to the granting clause the deed, following the description, contained this language: "If at any time thereafter should the grantors become destitute so as to need help, then and in that case the said *grantee* agrees to pay to the grantors the sum of one hundred sixty dollars per year. Said one hundred sixty dollars to be demanded at the time said help is needed and if not demanded at that time said *grantee* shall not be bound to pay the same," etc. After the waiver of homestead clause an additional warranty appears: "With the appurtenances, and all the estate, title and interest of said party of the first part therein. And the said party of the first part does hereby covenant and agree with the said party of the second part that at the time of the delivery hereof the said party of the first part is the lawful owner of the premises above granted and seized thereof in fee simple absolute, that he will warrant and defend the above granted premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns forever, and that they are free from all encumbrances whatsoever." Edith M. Lafferty did not, at the time of the delivery of the deed nor at any time thereafter, have children.

Appellant contends that Edith M. Lafferty acquired only a life estate, and that upon her death the fee simple is vested in the heirs of the grantors by descent. The appellee contends that, by the deed in question, Edith M. Lafferty acquired a fee simple title to the property and,

therefore, a merchantable title in this respect was tendered to appellant.

An examination of the deed discloses that it purports to convey a present interest in the grantees named therein and contains no words of inheritance or procreation. Under such circumstances, we have frequently held that if a deed purports to create a present estate in possession to a certain grantee or grantees, then title will pass only to those who are in being at the time of the delivery of the deed.

In *Faloon* v. *Simshauser*, 130 Ill. 649, the grantee was described as "Hannah Simshauser and her children." There were some children of Hannah Simshauser living at the time of the execution and delivery of the deed, and other children were born thereafter. We held that Hannah Simshauser and such of the children as were living at the time of the delivery of the deed, took the property as tenants in common, but that after-born children did not take. In *Miller* v. *McAlister*, 197 Ill. 72, the grantee in the deed was "Mary E. McAlister 'and her children born and to be born." The court reached the same conclusion as in the case of *Faloon* v. *Simshauser, supra.* It is said, however, that those cases are to be distinguished because in each of them, in addition to the named grantee, there was a child living, and in the present case Edith M. Lafferty did not then, or thereafter, have any children.

A case similar in principle is that of *Morris* v. *Caudle*, 178 Ill. 9, where the grantee in the deed was "Isham E. Caudle and his one brothers and sisters." The grantee had no brothers and sisters at the time of the delivery of the deed, but a sister was born later. We held that the fee simple title to all the property vested in the grantee living at the time the deed was delivered. In all of these cases it was held that "a grantee must be *in esse* at the time of the delivery of the deed," otherwise no title will pass.

*Duffield* v. *Duffield,* 268 Ill. 29, sets out the general rule on the subject saying: "The requisites of such a deed are that there be persons able to contract with for the purpose intended by the deed, so that in every grant there must be a grantee, a grantor and a thing granted. (2 Blackstone's Com. 96.) The parties must be competent to contract and be truly and sufficiently described, and otherwise the deed is void. (4 Kent's Com. 462.) It is essential that the grantee be a person, natural or artificial, capable of taking a title at the time of the conveyance, and this rule is elementary." [Citations.] We are unable to distinguish between the above cases and the present one, merely because Edith M. Lafferty did not have children at the time of the delivery of the deed. She was, in fact, the only person in being capable of taking a grant, and the last portion of the deed, instead of limiting the estate, confirmed it in fee by warranting the title in the party of the second part (Edith M. Lafferty) "his heirs and assigns forever."

Our attention is called to the case of *Frazer* v. *Board of Supervisors,* 74 Ill. 282, and to the case of *Lehndorf* v. *Cope,* 122 Ill. 317. In the first case, the grant was to an unmarried daughter and the heirs of her body. These were construed words of limitation and not of purchase, which, at common law, would have granted a fee tail, but which, under the statute, gave the daughter a life estate. In the *Cope case* the language was: "To Maria Anna Lehndorf and her heirs by her present husband, Henry Lehndorf," certain lands. The court held that this language created what at common law would be an estate tail special, because the word "heirs," used in connection with a named husband, limited the meaning of the term "heirs" as effectually as though the limitation had been to the given person, and to the "heirs of her body," and, therefore, under the statute, what would have otherwise been

a fee tail was reduced to a life estate. The cases cited by appellant do not apply because the deed under consideration contains no words of inheritance or procreation. *Butler* v. *Huestis,* 68 Ill. 594; *Dick* v. *Ricker,* 222 id. 413.

Any doubt there might be on the subject is settled by an examination of *Hartwick* v. *Heberling,* 364 Ill. 523, where the rule in *Duffield* v. *Duffield, supra,* was followed in construing a deed to "Isabella Grimes, her children and lawful heirs * * * to the said party of the second part and to her heirs," with a recital "the intention of this deed being to convey to said Isabella Grimes the above described real estate for and during her natural life, and at her decease the title to the same to descend to her children and lawful heirs." In that case Isabella Grimes had no children when the deed was made, and never had any, but the court nevertheless held she was vested with a fee simple title.

In view of the repeated decisions of this court, there is no merit in the contention of the appellant that the use of the word "children," in the deed under consideration, created an ambiguity, or that the word was used in any special sense. Construed in its ordinary sense, the deed attempted to make a present grant to Edith M. Lafferty and any children she might have. Under well-settled rules of law, the persons not in being took nothing, and the fee was, therefore, vested in Edith M. Lafferty, which, under her will, enabled her executor to contract for the conveyance thereof.

The decree of the circuit court of McLean county is affirmed.

*Decree affirmed.*