### 19256. Cox *v.* Pearson *et al.*

Hawkins, Justice. Irrespective of the question of whether the allegations of the petition otherwise show any cause of action for a declaration of rights under the Declaratory Judgment Act, Code (Ann. Supp) Chapter 110-11 (as to which question see *Sumner* v. *Davis,* 211 *Ga.* 702, 88 S. E. 2d 392; *Lewis* v. *Lewis,* 212 *Ga.* 168, 91 S. E. 2d 336; *Brown* v. *Cobb County,* 212 *Ga.* 172, 91 S. E. 2d 516), the only basis of the petitioner's claim of title to the land described in the petition and as to which it seeks a declaratory judgment, is a deed from a named person, copy of which is attached to the petition as an exhibit and made a part thereof, which deed purports to convey the property involved to "Pearson Basket Mills." Since "the owner of property must be a natural person, a corporation, or a quasi person or entity, such as a partnership," and "the law recognizes no other owners of property" (*Miller* v. *Brooks,* 120 *Ga.* 232, 234, 47 S. E. 646), and since the name "Pearson Basket Mills" is not that of a natural person, and is not shown to be that of a partnership or corporation, the deed relied upon by the petitioner is prima facie void, and the petition based thereon fails to state a cause of action. *McCollum* v. *Loveless,* 185 *Ga.* 748 (4) (196 S. E. 430). See also *Jones* v. *Watson,* 63 *Ga.* 679; *Mutual Life Ins. Co. of New York* v. *Inman Park Presbyterian Church,* 111 *Ga.* 677 (36 S. E. 880). The trial judge therefore erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*

Argued February 14, 1956—Decided March 12, 1956.

*W. F. Blanks, H. Thad Crawley,* for plaintiff in error.
*A. C. Felton, III, Garland T. Byrd,* contra.