781 P.2d 631

**Florence MELNI, Plaintiff/Appellant,**

**v.**

**Joseph A. CUSTER, as Trustee for the American Fence and Supply Company Employee Profit Sharing Plan, James P. Garvey, as Trustee for the GMM, Inc. Pension Plan, Anna Rebekah**

**Anderson, Lawrence Anderson, Elizabeth R. Woodard, Barbara J. Butt, Paul D. Johnson, Elizabeth Ann Johnson, and Magna Systems, Inc., an Illinois corporation, Elizabeth R. Woodard, Monroe L. Beachy, John M. Clark, Jr., as Trustee for the Clark Family Trust, John Michael Craig, Robert L. and Joann L. Dienhart, Trustees for the Eagle One Irrevocable Trust, George L. Fox, Verna H. Fox, Clara L. Hawkins, Marjorie A. Hust, Florence Lusk, Bill Edwards, President, Magna Systems, Inc., Ernest T. Pedersen, Mildred R. Pedersen, Robert Rosenberg, Joanne Rosenberg, Victor Roterus, Florence E. Roterus, Martha A. Schultz, Gary L. Seamon, Margaret N. Seamon, Gary L. Waddington, M.D., Trustee for the Money Purchase Pension Plan of Allergy Dermatology Specialists, Inc., Bennett T. Waites, Jim Edward Weinel, Trustee for the Jim Edward Weinel Trust, Jimmy E. Wilkinson, Beverly J. Wilkinson, Donald A. Young, and Evelyne H. Young, Defendants/Appellees.**

No. 2 CA-CV 89-0098.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 10, 1989.

---

154

Michael C. Hughes, Phoenix, for plaintiff/appellant.

Elizabeth Kolberg, Phoenix, for defendants/appellees.

## OPINION

HOWARD, Judge.

### FACTS AND PROCEDURE

This is an appeal from the granting of a cross-motion for summary judgment. On September 17, 1984, Metro Home Loans, Inc. (MHL), the owner of Lot 22, Los Gatos, located at 8601 Via del Sol in Scottsdale, Arizona, executed a warranty deed of the property to "D. M. Conrad, a single man." In conjunction with the transfer "D. M. Conrad" executed two deeds of trust naming MHL as beneficiary to secure two loans, evidenced by promissory notes, one for $300,000 and the other for $115,-

000. Almost immediately MHL divided its beneficial interest into smaller units which were assigned to appellees who invested in the property by purchasing one or more units.

On February 25, 1985, Florence Melni bought the property from a party named Verdone for $75,000 cash and the assumption of the two loans made by MHL to "D.M. Conrad." Mrs. Melni bought the property as a speculation, intending to sell it as soon as possible. She commenced making payments to the assignee beneficiaries, but when she found a buyer for the property she discovered that Verdone did not have legal title to it and that legal title was still in the name of "D.M. Conrad." Mrs. Melni also discovered that there was no such person as "D. M. Conrad" but that it was a fictitious name created by MHL. MHL was at that time in the receivership, and Mrs. Melni secured a court order in the receivership proceedings ordering the receiver to execute deeds and other documents on behalf of "D.M. Conrad," a fictitious person, "which may be necessary in order to complete the chain of title on any transaction which is substantially similar to the Florence Melni transaction." The receiver executed a quitclaim deed of "D.M. Conrad's" interest in the property to Verdone, and Verdone subsequently executed a quitclaim deed to Mrs. Melni. The record is clear that neither Mrs. Melni nor the appellee investors knew that "D.M. Conrad" was a fictitious person at the time they acquired their prospective interests.

Because Mrs. Melni had not made any payments on the note since December 1985, the appellees noticed a trustee's sale of the property and on December 4, 1986, the property was sold to appellees. Mrs. Melni then brought this quiet title action and moved for summary judgment, contending that the trust deeds were void. Appellees filed a cross-motion for summary judgment contending that even if the deeds were void, they created equitable mortgages and in any event that the doctrine of after-acquired title validated the trust deeds. The trial court denied Mrs. Melni's motion for

summary judgment and granted appellees' cross-motion for summary judgment.

## DISCUSSION

### I. *The Validity of a Deed to a Fictitious Person*

■ The general rule is that a grantee of a deed cannot be a fictitious person. *Transcontinental Insurance Co. of New York v. Minning*, 135 F.2d 479 (6th Cir. 1943); *Cox v. Pearson*, 212 Ga. 294, 92 S.E.2d 25 (1956); *Chance v. Kimbrell*, 376 Ill. 615, 35 N.E.2d 48 (1941); *Herrick v. Lain*, 375 Ill. 569, 32 N.E.2d 154 (1941); *Price v. National Union Fire Insurance Co.*, 294 Mich. 289, 293 N.W. 652 (1940); *Life Insurance Co. of Virginia v. Page*, 178 Miss. 287, 172 So. 873 (1937); *Morgan v. Collins School*, 157 Miss. 295, 127 So. 565 (1930); *Hodgkiss v. Northern Petroleum Consol.*, 104 Mont. 328, 67 P.2d 811 (1937); *Marky Investment, Inc. v. Arnezeder*, 15 Wis.2d 74, 112 N.W.2d 211 (1961). A deed to a fictitious grantee is a complete nullity transferring no title. *Temora Trading Co., Ltd. v. Perry*, 98 Nev. 229, 645 P.2d 436 (1982).

Accordingly, the purported conveyance to the fictitious Conrad was null and void. Thus, legal title to the property was still in MHL's name when Melni purchased it from Verdone and when the court ordered the receiver to execute a deed on behalf of the fictitious person. When the receiver quitclaimed Conrad's interest in the property to Verdone, Verdone got nothing since Conrad had nothing and, since Verdone had nothing, his quitclaim to Melni was of no legal effect. Notwithstanding the execution of both of these quitclaim deeds, MHL still held legal title to the property.

### II. *The Interests of the Parties*

■ We first examine the interest of the appellees in the property. The fact that the deeds of trust were invalid does not mean that the appellees do not have an interest in the property. Since it is clear that MHL intended by the trust deeds to give the appellees a security interest in the property they have an equitable mortgage. See *Stephen v. Patterson*, 21 Ariz. 308, 188 P. 131 (1920). The trust deeds are now equitable mortgages, and having contractually assumed the payment of the trust deeds, there is no reason why Mrs. Melni should not be bound by her contract to pay the equitable mortgages according to their terms.

■ Turning to Mrs. Melni, although she does not have legal title to the property due to the failure of the trial court in the receivership proceedings to order the trustee to quitclaim MHL's interest to her or to Verdone, she has the right to compel MHL to transfer the legal title to her and thus has equitable title. See *Hendriksen v. Cubage*, 228 Ark. 536, 309 S.W.2d 306 (1958).

■ As for the appellees, they did not have the right to conduct a trustee's sale pursuant to the terms of the trust deeds because they were not trust deeds but rather equitable mortgages. They do, however, have the right to maintain a foreclosure action based on their equitable mortgages, but they must follow the Arizona statutes dealing with mortgage foreclosures. See A.R.S. §§ 33–721 et seq.

## CONCLUSION

The trial court did not err in denying appellant's for summary judgment. However, it did err in granting summary judgment to the appellees.

Reversed and remanded for further proceedings consistent with this opinion.

ROLL, P.J., and HATHAWAY, J., concur.