**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**December 20, 2012**

# In the Court of Appeals of Georgia

A12A2018. FORD v. REDDICK.

MCFADDEN, Judge.

Kaiser Ford appeals the grant of summary judgment to La'Rhonda Reddick, the executor of the estate of Ruby Lee Gloster, in Reddick's action to set aside two warranty deeds. The trial court correctly concluded that the deeds were invalid as they conveyed property to a trust instead of a trustee. We therefore affirm.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). Further, "[t]he construction of a deed presents a question of law which this [c]ourt reviews de novo."

(Citation omitted.) *Second Refuge Church of Our Lord Jesus Christ v. Lollar*, 282 Ga. 721, 724 (2) (653 SE2d 462) (2007).

Gloster executed a power of attorney appointing Ford as her attorney in fact. Ford immediately executed the two warranty deeds at issue. As Gloster's attorney in fact, he conveyed Gloster's real property to "Morison Outreach, a Trust." Seeking to set aside those deeds, Gloster filed the instant action against Ford and the trust. After Gloster passed away, the trial court substituted her executor, Reddick, as the plaintiff. The trial court granted summary judgment to the executor, and Ford appeals.

1. *Parties properly before the court.*

We first observe that in addition to Ford, the brief of appellants lists "Morison Outreach, Trust/Co-Trustee" and "Tanenankhaha Andrews, Co-Trustee" as appellants. Ford signed the brief on his own behalf, and Andrews signed the brief on his own behalf and on behalf of "Morison Outreach, Trust/Co-Trustee." But Andrews was never made a party to this action and therefore lacks standing to appeal. "It is well settled that only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so." (Citation and punctuation omitted.) *Degussa Wall Sys. v. Sharp*, 286 Ga. App. 349, 350 (648 SE2d 687) (2007). See also OCGA § 5-6-33.

2

Nor does it appear that either Ford or Andrews is an attorney who can represent Morison Outreach before this court. See OCGA § 15-19-51 (a) (1). Consequently, the only proper appellant is Ford, and we do not address the enumeration of error asserted on behalf of Andrews and Morison Outreach.

2. *The trial court correctly granted summary judgment.*

The trial court held that the deeds were invalid because they attempted to convey property to the trust instead of to a trustee. We agree. A deed that does not properly designate a grantee does not convey title. *Cox v. Pearson*, 212 Ga. 294 (92 SE2d 25) (1956). See also 2 Daniel F. Hinkel, Pindar's Ga. Real Estate Law & Procedure § 19-137 (6th ed. 2012). And under OCGA § 53-12-25 (a), the "[t]ransfer of property to a trust shall require a transfer of legal title to the trustee." In other words, in order for a deed to convey property to a trust, the trustee must be designated as the grantee of legal title.

Ford has come forward with no evidence showing that Morison Outreach, a Trust is anything other than a trust. Indeed, in his verified answer to the complaint, Ford referred to the entity to which he transferred property under the power of attorney as a trust. Ford has failed to satisfy his burden on summary judgment, and the trial court properly granted summary judgment to Reddick.

3.      *The trial court's failure to rule on Ford's motion for special exceptions.*

Ford enumerates as error the trial court's failure to rule on his "motion for special exceptions." The appellate record contains no such motion. In his brief, Ford gives a citation to the record that corresponds to a motion to dismiss for lack of jurisdiction filed on behalf of Morison Outreach by Andrews. But the record contains no motion filed by Ford. Ford therefore has not shown error.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*