**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 8, 2013**

# In the Court of Appeals of Georgia

A12A2312. ANDREWS v. GLOSTER.

BARNES, Presiding Judge.

This is the second appearance of this case before this Court. In *Ford v. Reddick*, __ Ga. App.__ (735 SE2d 809) (2012), we affirmed the grant of summary judgment to La'Rhonda Reddick, the executor of the estate of Ruby Lee Gloster, in Reddick's action to set aside two warranty deeds that were executed by Kaiser Ford. The relevant facts show that Gloster gave a general power of attorney to Ford, after which Ford filed deeds to convey certain real property belonging to Gloster to "Morison Outreach, A Trust," as grantee. Gloster was not aware of the conveyance until she received notice of a tax penalty related to the property. When Ford did not convey the property back to Gloster as she had requested, she filed a complaint to set aside the deeds and for damages. The trial court granted Gloster's motion for

summary judgment upon finding that the deeds were invalid as they conveyed property to a trust instead of a trustee.[1]

In *Ford,* we affirmed the trial court on appeal, and further found that

> in addition to Ford, the brief of appellants lists "Morison Outreach, Trust/Co-Trustee" and "Tanenankhaha Andrews, Co-Trustee" as appellants. Ford signed the brief on his own behalf, and Andrews signed the brief on his own behalf and on behalf of "Morison Outreach, Trust/Co-Trustee." *But Andrews was never made a party to this action and therefore lacks standing to appeal.* "It is well settled that only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so." (Citation and punctuation omitted.) *Degussa Wall Sys. v. Sharp*, 286 Ga. App. 349, 350 (648 SE2d 687) (2007). See also OCGA § 5-6-33. Nor does it appear that either Ford or Andrews is an attorney who can represent Morison Outreach before this court. See OCGA § 15-19-51 (a) (1). Consequently, the only proper appellant is Ford, and we do not address the enumeration of error asserted on behalf of Andrews and Morison Outreach.

735 SE2d at 809-810 (1).

In this case, which enumerates the same claims made in *Ford,* Morison Outreach, as "Trust/Co-Trustee, appellant" and Tanenankhaha Andrews as "Co-

---

[1] Gloster died during the appeal of this case and Reddick was substituted as the party plaintiff.

Trustee, Appellant pro se" appear as appellants. As the Court found in *Ford*, however, Andrews was never made a party to the case below. Although the record includes instances in which Andrews identifies himself as an agent for the Morison trust and as the "co-trustee" and "trust protector" of the trust, the record does not contain any evidence to support his contentions, nor does it establish that he was ever a party in any context in the underlying action.

Thus, because Andrews was never made a party to the action, nor does it appear that he can legally represent the Morison Trust, he lacks standing to appeal the trial court's grant of summary judgment to Gloster. See *Davis v. Deutsche Bank Nat. Trust Co.*, 285 Ga. 22, 24 (673 SE2d 221) (2009) ("the order or judgment must be appealable by the party filing the notice of appeal").

Accordingly, this appeal is dismissed. *Degussa*, 286 Ga. App. at 351.

*Appeal dismissed. McFadden and McMillian, JJ.,* concur.