**THIRD DIVISION**
**GOBEIL,**
**COOMER AND HODGES, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 6, 2019**

# In the Court of Appeals of Georgia

A18A1971. IN RE ESTATE OF AQUILLA WHEELER.

COOMER, Judge.

Thomas Wheeler ("Thomas"), appearing pro se on behalf of Pam Wheeler, Administrator for the Estate of Aquilla Wheeler (the "Estate'), appeals the trial court's denial of the Estate's petition for declaratory judgment and injunctive relief against Jimmy Wheeler, Beatrice Ellerbee,[1] and Andrew Pooler (collectively, the "Appellees"). In its petition, as amended, the Estate alleged, *inter alia*, that property belonging to the Estate was fraudulently conveyed by Appellees. On appeal, the Estate argues that the trial court erred by not finding that it was the legal owner of certain property and that certain deeds in the chain of title to said property were

---

[1] Beatrice Ellerbee a/k/a Anna Bell Ellerbee.

fraudulent. Because Thomas Wheeler lacked standing to pursue this appeal, the appeal must be dismissed.

This case involves the chain of title to two parcels of land located at 802 Rowe Street, Dublin, Georgia ("802 property") and 804 Rowe Street, Dublin, Georgia ("804 property"). In October 2000, A. D. Wheeler, Sr. ("Senior"), as grantor, executed a warranty deed whereby Senior conveyed the 802 property and the 804 property to A. D. Wheeler, Jr. ("Junior"). The deed provided, in pertinent part:

> TO HAVE AND TO HOLD the said tract of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in any wise appertaining, to the only proper use, benefit, and behoof of the said GRANTEE, his heirs and assigns forever, subject to the life estate reserved herein.
>
> GRANTOR reserves a LIFE ESTATE to himself and his wife, Aquilla Wheeler, in and to the within and foregoing described real estate and improvements thereon with the remainder over at his/her death to the GRANTEE named herein[.] This conveyance to GRANTOR'S child is made for the purpose of effecting GRANTOR'S estate plan to avoid the necessity and expense of Probate.

The deed was recorded in Deed Book 1147, Pages 285 and 284. Senior died in 2001. In November 2008, a warranty deed was executed between Junior, as grantor,

2

and Jimmy Wheeler ("Jimmy"), as grantee, whereby both tracts were conveyed. In the November 2008 warranty deed, a life estate was reserved by Junior. Aquilla Wheeler died in 2009 and Junior died in 2010. A quit-claim deed was executed in 2012 conveying both tracts of land from Jimmy to Beatrice. In 2014, a warranty deed was executed to convey the 804 property from Beatrice to Andrew Pooler. The 802 property was sold at a tax sale to satisfy back property taxes. Thomas was the purchaser of the property at the tax sale.

Pam Wheeler was appointed by the superior court in 2015 to serve as administrator for Aquilla Wheeler's estate. In 2016, Pamela Wheeler apparently executed a power of attorney in favor of Thomas Wheeler,[2] who filed a petition for declaratory judgment and injunctive relief on behalf of the Estate. The petition alleged that the subsequent deeds filed in 2008, 2012, and 2014 for the two parcels of land were fraudulent and that the chain of title should reflect that the Estate is the legal title owner of both tracts. Following a hearing, the trial court entered a final order denying the Estate's petition, and Thomas Wheeler, proceeding pro se, filed this direct appeal.

---

[2] A copy of the executed power of attorney was not included in the record on appeal. However, the complaint and subsequent amendments were signed Pam A. Wheeler In Pro Per Thomas Wheeler, POA.

3

1. As an initial matter, "[i]t is well established that this Court has a solemn duty to inquire into our jurisdiction to review the errors enumerated on appeal, and it is a duty we do not take lightly." *Pathfinder Payment Solutions, Inc. v. Global Payments Direct, Inc.*, 344 Ga. App. 490, 490 (810 SE2d 653) (2018) (footnote and punctuation omitted). "Standing, of course, is a prerequisite to the existence of subject-matter jurisdiction." *Estate of Nixon v. Barber*, 340 Ga. App. 103, 105 (1) n.8 (796 SE2d 489) (2017) (citation omitted). In that regard, we first observe that Thomas Wheeler is not an attorney. As such, he had no right to practice law or to prosecute this case. In Georgia, only a duly licensed attorney may appear before a judicial body on behalf of another. *See* OCGA § 15-19-51 (a) (1); *Aniebue v. Jaguar Credit Corp.*, 308 Ga. App. 1, 1 n.1 (708 SE2d 4) (2011); *Congress Re-Insurance Corp. v. Archer-Western Contractors*, 226 Ga. App. 829, 831 (1) (487 SE2d 679) (1997) ("Only a duly licensed attorney may answer a complaint for a person who does not appear pro se." (citation and punctuation omitted)). Although Thomas Wheeler was apparently given power of attorney to act as the Estate's attorney in fact, a power of attorney does not

4

confer upon a layman the right to practice law.[3] *See Busbee v. Georgia Dept. of Human Resources*, 140 Ga. App. 365, 365 (231 SE2d 137) (1976).

Moreover, Thomas Wheeler was never formally joined as a party to this action and therefore is not entitled to prosecute this action on his own behalf. "It is well settled that only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so." *Ford v. Reddick*, 319 Ga. App. 482, 482-483 (1) (735 SE2d 809) (2012) (citations and punctuation omitted). *See also* OCGA § 5-6-33. Consequently, because Thomas Wheeler is neither an attorney nor a party to the case below, he is not legally permitted to file an appeal on behalf the Estate. *See Andrews v. Gloster*, 320 Ga. App. 192, 193 (739 SE2d 699) (2013).

2. Because we find Thomas Wheeler did not have standing to appeal the trial

---

[3] The power of attorney is not included in the record, and thus we cannot ascertain the extent of the powers conferred therein. *See Keith v. Alexander Underwriters Gen. Agency*, 219 Ga. App. 36, 38 (463 SE2d 732) (1995) (even assuming that a power of attorney could grant the power to file a pro se pleading on another's behalf, we will construe that power of attorney strictly).

court's decision, we need not address the Estates's enumerations of error.

Accordingly, this appeal is dismissed.

*Appeal dismissed. Gobeil and Hodges, JJ., concur.*