NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MADISON THOMPSON, *Plaintiff/Appellee*,

*v.*

VANESSA MANTEN, et al., *Defendants/Appellants*.

No. 1 CA-CV 22-0457
FILED 5-16-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2019-014880
The Honorable John R. Hannah, Judge
The Honorable Teresa A. Sanders, Judge (retired)

**AFFIRMED**

---

COUNSEL

Gammage & Burnham, P.L.C., Phoenix
By Christopher L. Hering (argued) and Jacqueline E. Marzocca
*Counsel for Plaintiff/Appellee*

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Counsel for Defendants/Appellants*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Michael J. Brown and Judge Michael S. Catlett joined.

---

**M c M U R D I E**, Judge:

¶1　　　　Vanessa Manten ("Vanessa") and the Vanessa Manten Family Trust ("Vanessa Trust") challenge the superior court's judgment quieting title in favor of the Roelof Edwin Manten Trust ("Roelof Trust"). We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　The parties dispute ownership of three real estate parcels ("properties"). Gerrit and Catharina Bakker ("Bakkers") took title to the properties in the 1960s. In 1978, the Bakkers transferred title to the properties to a trust formed in 1978 ("1978 Bakker Trust").[1] The 1978 deeds named Gerrit Bakker the trustee of the 1978 Bakker Trust, with a bank as successor trustee. The deeds named Gerrit and Catharina the 1978 Bakker Trust beneficiaries.

¶3　　　　In 2000, the Bakkers, in their individual capacities, transferred title to the properties to a trust formed in 1998 ("1998 Bakker Trust"). The Bakkers were the co-trustees of the 1998 Bakker Trust. When the Bakkers died, Catharina's son Roelof Manten ("Roelof") was the trustee and sole beneficiary of the 1998 Bakker Trust. In 2010, the 1998 Bakker Trust conveyed title to the properties to Roelof as "a single man and sole trustee of [the Roelof Trust]."[2] But Roelof executed the 2010 deeds in his individual capacity, not as trustee of the 1998 Bakker Trust.

---

[1]　　　There is no record of the 1978 Bakker Trust agreement. In a separate proceeding, Vanessa petitioned for appointment as trustee of the 1978 Bakker Trust. But Vanessa testified she had not seen the trust, and she did not know any of the trust's terms. Thus, the court denied Vanessa's request because it had no record of the trust's terms.

[2]　　　Roelof recorded three other deeds in 2011, but the superior court invalidated them, and neither party disputes the ruling on appeal.

¶4 When Roelof died, Vanessa, his daughter, became trustee of the 1998 Bakker Trust, and Appellee Madison Thompson became trustee of the Roelof Trust. Vanessa is also the trustee of the Vanessa Trust. In August 2019, Vanessa recorded deeds conveying title to the properties to the Vanessa Trust. The next month, Vanessa recorded deeds conveying title to the properties from the Roelof Trust to the Vanessa Trust.

¶5 As trustee of the Roelof Trust, Thompson filed a statutory special action against Vanessa, her husband, and the Vanessa Trust to clear title to the properties of Vanessa's deeds and seek damages. *See* A.R.S. § 33-420.[3] Thompson asserted that Vanessa and the Vanessa Trust had no legal interest in the properties and lacked the authority to convey the properties on behalf of the Roelof Trust. Vanessa, her husband, and the Vanessa Trust moved to dismiss the complaint and asserted Thompson lacked standing under the statute because the Roelof Trust did not own or hold title to the properties. Instead, they argued that the 1978 Bakker Trust held title to the properties. The court denied the motion to dismiss, finding in part, "[i]t is clear from [the Bakkers'] execution of the relevant documents that they intended the 2000 transfer to supersede the 1978 conveyance."

¶6 Later, Thompson amended the complaint to add a quiet title claim against the "1978 Bakker Trust, the Unknown Beneficiaries of the 1978 Bakker Trust, and the 1998 Bakker Trust." Thompson sought to bar any defendant from claiming title to the properties adverse to the Roelof Trust. Thompson served potential defendants by publication. Besides Vanessa, no person or entity claimed status as a trust beneficiary. Vanessa answered the complaint as the 1998 Bakker Trust trustee and a potential beneficiary of the 1978 Bakker Trust.

¶7 Thompson moved for partial summary judgment on the Roelof Trust's quiet title claim and Vanessa's claim that she was a potential beneficiary of the 1978 Bakker Trust. Thompson argued Vanessa lacked standing to assert claims on behalf of the 1978 Bakker Trust because Vanessa offered no evidence that she was a trust beneficiary. Vanessa admitted that she had never seen the trust and knew nothing about its terms. Thompson also claimed that the conveyances to the 1978 Bakker Trust were void because there was no evidence the trust existed. Finally,

---

[3] Because the superior court denied the parties' summary judgment motions on the A.R.S. § 33-420 claim, we do not address it on appeal. *See Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465–66 (App. 1997) (denial of motion for summary judgment is not appealable).

Thompson contended that the titles transferred to the Roelof Trust when Roelof conveyed the properties from the 1998 Bakker Trust to the Roelof Trust, despite the technical error that Roelof signed as an individual and not as the trustee of the 1998 Bakker Trust.

¶8        The superior court granted the summary judgment motion on "the claims of Vanessa Manten and associated parties that they or others may hold an interest in the property through the 1978 Trust." The court reasoned there was no evidence of the 1978 Bakker Trust other than the deeds, which could not support a title claim. The court permitted supplemental briefing for the parties to discuss whether the 2010 deeds transferred the properties from the 1998 Bakker Trust to the Roelof Trust.

¶9        After the supplemental briefing, the superior court granted summary judgment for Thompson on the quiet title claim. Although the deeds conveying title to the properties to the Roelof Trust "had technical problems and did not name Roelof Manten as trustee," the court found that Roelof intended to transfer the properties to the Roelof Trust in his capacity as trustee of the 1998 Bakker Trust, not as an individual.

¶10        In its quiet title ruling, the court determined that the 1978 Bakker Trust and the beneficiaries of the 1978 Bakker Trust "have no right, title, or interest in" the properties. The court found the 1978 deeds void. The court reformed the 2010 deeds and found they successfully conveyed title to the properties from the 1998 Bakker Trust to the Roelof Trust. As a result, the court quieted title to the properties in favor of the Roelof Trust.

¶11        Vanessa and the Vanessa Trust (collectively, "Vanessa") appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### A.    We Have Jurisdiction Over the Appeal.

¶12        Thompson argues we lack jurisdiction over the appeal because Vanessa is not an aggrieved party, and the trusts are not parties to the appeal. Only an aggrieved party may appeal a judgment. *In re Estate of Friedman*, 217 Ariz. 548, 551–52, ¶ 9 (App. 2008); *see also* ARCAP 1(d). A judgment aggrieves a party "if it denies that party some personal or property right or imposes on that party some substantial burden or obligation." *Kerr v. Killian*, 197 Ariz. 213, 216, ¶ 10 (App. 2000). Because the superior court rejected Vanessa's claim she holds an interest in the properties through the 1978 Bakker Trust, she was denied "some personal

4

or property right." *See id.* Thus, Vanessa is an aggrieved party, and we have jurisdiction over the appeal.

¶13        Thompson also argues Vanessa lacks standing to assert claims on behalf of the 1978 Bakker Trust because she failed to prove she is a trust beneficiary. We generally do not "consider issues raised where there is no standing." *Kerr*, 197 Ariz. at 216, ¶ 11. And even "[a] party who is aggrieved by a judgment may nevertheless lack standing to assert particular arguments." *Id.* To have standing, a party must, at a minimum, have "a legitimate interest in the outcome." *In re Strobel*, 149 Ariz. 213, 216 (1986).

¶14        Vanessa has a legitimate interest in the appeal's outcome. Although Vanessa does not claim she holds title to the properties, she contests the superior court's finding there was insufficient evidence of the 1978 Bakker Trust's existence. This finding supported the court's conclusion that Vanessa did not have an interest in the properties through the 1978 Bakker Trust. Because the court's judgment against the 1978 Bakker Trust affects Vanessa's interests, we conclude Vanessa has standing to challenge the judgment. *See Strobel*, 149 Ariz. at 216.

## B.    The 1978 Deeds Are Not Void.

¶15        On review of a summary judgment motion, we "determine *de novo* whether there are genuine issues of material fact and whether the trial court erred in its application of the law." *Sign Here Petitions LLC v. Chavez*, 243 Ariz. 99, 104, ¶ 13 (App. 2017). We will affirm a grant of summary judgment for any valid reason. *Id.* We view the facts in the light most favorable to the party against whom judgment was entered, *id.*, but consider only the evidence presented to the superior court on the summary judgment motion, *Tortolita Veterinary Servs., PC v. Rodden*, 252 Ariz. 96, 100, ¶ 9 (App. 2021).

¶16        When the party moving for summary judgment presents "specific facts negating the adverse party's pleadings, the adverse party must respond with proof of specific facts showing a genuine issue of fact for trial." *Portonova v. Wilkinson*, 128 Ariz. 501, 502 (1981). The party opposing summary judgment "must show that evidence is available which justifies going to trial." *Id.* Summary judgment is appropriate "if the facts produced in support of the claim or defense have so little probative value . . . that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme School v. Reeves*, 166 Ariz. 301, 309 (1990).

¶17 "A deed to a fictitious grantee is a complete nullity transferring no title." *Melni v. Custer*, 162 Ariz. 153, 155 (App. 1989). On the summary judgment motion, Thompson argued the deeds conveying the titles to the 1978 Bakker Trust were void because the 1978 Bakker Trust did not exist, and therefore the deeds lacked a valid grantee. The superior court granted summary judgment against Vanessa on her claim that she held an interest in the properties through the 1978 Bakker Trust because there was insufficient evidence of a trust. Without proof of the trust's terms, the court reasoned that the deeds conveying properties to the 1978 Bakker Trust could not be the source of a title claim. Thus, the court found the 1978 deeds void.

¶18 Vanessa challenges the superior court's finding that the 1978 deeds were void. The parties dispute whether there is enough evidence that the 1978 Bakker Trust existed. A valid trust requires "a competent settlor and a trustee, clear and unequivocal intent to create a trust, ascertainable trust res, and sufficiently identifiable beneficiaries." *Golleher v. Horton*, 148 Ariz. 537, 543 (App. 1985); *see also* A.R.S. § 14-10402(A). On appeal, Vanessa cites public records of other properties that the 1978 Bakker Trust once owned.

¶19 A trust of real estate must have writings that "set[] forth with reasonable definiteness the trust's property, its beneficiaries, and its purpose." *Hall v. World Sav. & Loan Ass'n*, 189 Ariz. 495, 504 (App. 1997). Transferring title to a trustee is evidence of intent to establish a trust. *See Golleher*, 148 Ariz. at 544; *see also* Restatement (Second) of Trusts § 46 cmt. a (Am. L. Inst. 1959) ("If the owner of a property declares himself trustee of the property . . . , the writing sufficiently designates the purpose of the trust."); *see also* A.R.S. § 14-10106(B) (directing courts to look to the second restatement of trusts for principles about the settlor's intent).

¶20 We have held that a valid trust can be established without evidence of the trust agreement. *See Hall*, 189 Ariz. at 504–05. Although the parties lacked proof of a trust agreement in *Hall*, the record contained a quitclaim deed that conveyed property from the grantors to a grantee "as trustee of the Trust." *Id.* at 504. The grantors signed the deed, and the deed listed the trust's beneficiaries. *Id.* at 504–05. The grantors and the trust's beneficiaries also signed a document summarizing the trust's provisions. *Id.* The court determined that "[t]aken together, these documents described the subject matter and identified the beneficiaries and property in the Trust." *Id.* at 505.

¶21 Here, the 1978 deeds identified the trust's beneficiaries, described the trust's property, and established the trust's subject matter. Gerrit and Catharina Bakker signed deeds transferring three properties they owned into a trust, and Gerritt Bakker named himself trustee. Thompson argues there is no evidence in the record identifying the 1978 Bakker Trust's beneficiaries, but the 1978 deeds state that the Bakkers are the trust beneficiaries. We acknowledge that unlike in *Hall*, the record has no document describing the trust's terms. *See* 189 Ariz. at 504. But the 1978 deeds still provide evidence of each element required to establish a valid trust. *See Golleher*, 148 Ariz. at 543–44.

¶22 Even without evidence of the trust agreement, the 1978 deeds provided sufficient evidence to establish that the 1978 Bakker Trust existed. *See Hall*, 189 Ariz. at 504; *Golleher*, 148 Ariz. at 543–44. Thus, the superior court erred by finding the deeds were void with no valid grantee.

## C.    Vanessa Failed to Establish Her Interest in the Properties Through the 1978 Bakker Trust.

¶23 "The party who asserts a fact has the burden to establish that fact." *Troutman v. Valley Nat'l Bank of Ariz.*, 170 Ariz. 513, 517 (App. 1992). Despite the superior court's error, Vanessa's claim as a beneficiary of the 1978 Bakker Trust fails. The 1978 deeds name only the Bakkers as beneficiaries of the 1978 Bakker Trust. There is no evidence Vanessa is a beneficiary of the 1978 Bakker Trust. Nor could Vanessa produce the trust agreement, and she admitted she did not know its terms, including its beneficiaries. Vanessa failed to meet her burden of proof to support her claim as a beneficiary. Thus, we affirm the summary judgment grant on Vanessa's claim to have an interest in the properties through the 1978 Bakker Trust because Vanessa failed to prove she is a beneficiary of the 1978 Bakker Trust. *See Hydroculture, Inc. v. Coopers & Lybrand*, 174 Ariz. 277, 281 (App. 1992) ("[W]e will uphold a grant of summary judgment on any valid legal basis.").

## D.    The Roelof Trust Holds Title to the Properties.

¶24 Vanessa contends the properties remain in the 1978 Bakker Trust because the Bakkers lacked the authority to convey the properties to the 1998 Bakker Trust. On the quiet title summary judgment ruling, the superior court never reached this issue because it found the 1978 deeds were void. As explained above, the 1978 deeds were valid and conveyed the titles to the 1978 Bakker Trust. Vanessa argues the 2000 deeds, which purported to convey the properties to the 1998 Bakker Trust, are invalid

because those deeds list the Bakkers, not the 1978 Bakker Trust, as the grantors. We disagree.

¶25            Unless a trust's terms clarify the trust is irrevocable, the trust's settlor may revoke the trust. A.R.S. § 14-10602(A). If the trust terms do not provide a specific revocation method, the settlor may revoke the trust by any "writing signed by the settlor manifesting clear and convincing evidence of the settlor's intent." A.R.S. § 14-10602(C)(2)(b).

¶26            Likewise, a trust's beneficiaries generally may terminate the trust if they all consent. Restatement (Second) of Trusts § 337 (Am. L. Inst. 1959); *see also Bowen v. Watz*, 5 Ariz. App. 519, 523 (1967). Even if the trust purposes have not been accomplished, the settlor and the beneficiaries can terminate the trust together. Restatement (Second) of Trusts § 338 (Am. L. Inst. 1959). And although no one now has the 1978 Bakker Trust terms, the Bakkers could terminate the trust nonetheless because they were jointly the trust settlors and the beneficiaries, and we have no evidence the trust had any other beneficiaries. *See* Restatement (Second) of Trusts § 339 (Am. L. Inst. 1959) ("If the settlor is the sole beneficiary of a trust . . . , he can compel the termination of the trust."); *see also id.* cmt. a (This rule applies even if the settlor does not reserve the revocation power or if the trust is irrevocable.).

¶27            Here, the 1998 Bakker Trust Agreement and the 2000 deeds provide clear and convincing evidence of the Bakkers' intent to revoke the 1978 Bakker Trust. As the superior court explained, the record shows the Bakkers "intended the 2000 transfer to supersede the 1978 conveyance." There is no material factual dispute that the Bakkers intended to transfer the properties to the 1998 Bakker Trust. In the 1998 Bakker Trust agreement, they declared they were transferring the titles to the 1998 Bakker Trust. *See State ex rel. Goddard v. Coerver*, 100 Ariz. 135, 141 (1966) (We determine the settlor's intent by looking at the language of the trust instrument, and we will not "go outside the instrument" unless the language is ambiguous.). The Bakkers held title to the properties before they transferred title to the 1978 Bakker Trust, and in the 1998 Bakker Trust Agreement, the Bakkers stated *they* owned the properties—not the 1978 Bakker Trust. Vanessa offers no conflicting evidence about the Bakkers' intent, nor does she provide evidence of other beneficiaries who could have objected to the Bakkers'

revocation of the 1978 Bakker Trust. And Vanessa offered no evidence that any property remains in the 1978 Bakker Trust.[4]

**¶28**         Given the Bakkers' declaration that they own the properties and their intent to transfer the properties to a new trust, the only reasonable inference to draw from the 1998 Bakker Trust Agreement and the 2000 deeds is that the Bakkers intended to revoke the 1978 Bakker Trust. *See* A.R.S. § 14-10602(C)(2)(b). As a result, the 1978 Bakker Trust was terminated, and the Bakkers successfully transferred title to the 1998 Bakker Trust.

**¶29**         Now, we turn to the conveyances to the Roelof Trust. The superior court found that the 2010 deeds transferred the titles from the 1998 Bakker Trust to the Roelof Trust. We agree with the superior court's reformation of the 2010 deeds. "Reformation is an equitable remedy available to correct a deed to reflect the parties' intent." *In re Estate of Ganoni*, 238 Ariz. 144, 147, ¶ 15 (App. 2015). A party seeking reformation must "show that a definite intention on which the minds of the parties had met pre-existed the written instrument and that the mistake occurred in its execution." *State v. Ashton Co.*, 4 Ariz. App. 599, 602 (1967).

**¶30**         When the superior court reformed the 2010 deeds on summary judgment, it found that Roelof executed the deeds as trustee of the 1998 Bakker Trust, even though he failed to sign them as such. We agree. The Bakkers directed in the 1998 Bakker Trust agreement that the successor trustee would distribute the trust estate to Roelof upon their death. When the Bakkers died, Roelof became the successor trustee of the 1998 Bakker Trust. The record shows that when Roelof executed the 2010 deeds, he completed the 1998 Bakker Trust directives. The only reasonable inference from the 2010 deeds is that when Roelof signed the deeds to convey the titles from the 1998 Bakker Trust to the Roelof Trust, he did so as the 1998 Bakker Trust trustee.

**¶31**         Vanessa does not dispute that the Bakkers intended for the 1998 Bakker Trust's trustee to distribute the trust estate's remainder to Roelof. Nor does Vanessa offer evidence undermining the superior court's finding that Roelof intended to transfer the titles from the 1998 Bakker Trust

---

[4]     For the first time on appeal, Vanessa offers "recorded documents that involve the 1978 Bakker Trust." Still, there is no evidence that any of the properties mentioned in the new documents remain in the 1978 Bakker Trust, and counsel conceded this at oral argument.

to the Roelof Trust. Other than challenging the superior court's reformation decision, Vanessa challenges the 2010 deeds only by arguing that the titles never transferred to the 1998 Bakker Trust, and thus the 2010 conveyances are void. But the Bakkers transferred the titles to the 1998 Bakker Trust. And because the Roelof Trust now holds title to the properties, we affirm the superior court's judgment quieting title in favor of the Roelof Trust.

## CONCLUSION

¶32　　　　We affirm. Thompson is entitled to appellate costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:　AA