A96A2139. IN THE INTEREST OF J. C. H., a child.
(482 SE2d 707)

BEASLEY, Judge.

Appellant Martha Hough is the natural mother of J. C. H., a child. Appellees Wayne and Sharon McNeil are the child's temporary legal custodians and are unrelated to him. Tom and Elizabeth Bragg are his maternal grandparents. The appeal must be dismissed because of a jurisdictional flaw.

The record is scant. Appellant Hough has attached as exhibits to her brief documents relating to numerous juvenile court proceedings over a five-year period before the same judge, but these documents are not part of the record and cannot be considered on appeal. *Paul v. Joseph*, 212 Ga. App. 122, 125 (441 SE2d 762) (1994).

The record discloses that on December 22, 1995, the *juvenile* court heard a motion, filed by the guardian ad litem for J. C. H., for

review and modification of a custody order. The new order provided that temporary legal custody of J. C. H. should be retained by the McNeils. On February 21, 1996, the Braggs filed a petition to adopt J. C. H. in superior court, accompanied by a voluntary surrender of parental rights executed by Hough and J. C. H.'s natural father on February 6. A hearing on the adoption was set for April 25 in superior court.

In the interim, on March 21, the Braggs filed a petition to intervene and motion to vacate the December 22, 1995 order of the juvenile court. They allege that they had an interest in the child, that the December 22 order "was obtained by fraud or mistake, is irregular on its face, and is partially the result of an orchestrated, demonstrable, and egregious effort on the part of the temporary legal custodians thereof to isolate him from immediate and extended family members in order to adopt him themselves," that the subsequent orders were entered without notice and hearing in violation of the federal constitution, and that the December 22 order violated OCGA §§ 15-11-34 and 15-11-90 because no attempt was made to effect suitable placement with the child's relatives.

The juvenile court promptly held two hearings, the first of which addressed the petition to intervene and motion to vacate order. The Braggs asserted they had standing to intervene under OCGA § 15-11-42 (c) because of their interest in the child. Hough admitted she signed a voluntary surrender and that the ten-day statutory rescission period had passed without her revocation, but she contended she had "quasi standing" because the adoption in superior court was not final and the court had yet to terminate her parental rights.

The juvenile court denied the Braggs' petition and motion, finding them premature since the Braggs had no standing until they became the adoptive parents, which could not occur before the hearing scheduled for April 25. The court determined further that Hough and the father of J. C. H. had surrendered their parental rights in connection with the adoption proceeding. It therefore dismissed them and the Braggs from the juvenile court proceeding. The transcript ends with the court's finding and without an objection from any party.

The juvenile court continued with the second hearing, a motion to extend the court's order of temporary legal custody filed by the McNeils, but the record contains no transcript of it. The juvenile court thereafter ordered that the deprivation previously found "continues due to the fact that the natural parents remain unable to provide proper parenting to [J. C. H.]."

1. The McNeils filed a motion to dismiss the mother's appeal because she filed it directly and was required to first seek permission pursuant to OCGA § 5-6-35 (a) (2). Since this case involves depriva-

tion of a child, which is neither a child custody nor domestic relations case within the purview of OCGA § 5-6-35 (a) (2), appellees' motion is denied. *In re J. P.*, 267 Ga. 492 (480 SE2d 8) (1997).

2. We are unable to address the merits of the appeal because it must be dismissed on another procedural ground. Hough appealed from the order denying the petition to intervene and motion to vacate order filed by her parents, the Braggs, who did not appeal the order. Hough was not a party to the petition or the motion and had no standing to complain of their disposition. OCGA § 5-6-33 (a) (1); *Watkins v. M & M Clays*, 199 Ga. App. 54, 57 (2) (404 SE2d 141) (1991).

*Appeal dismissed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 18, 1997.

*Arthur J. Shelfer, Jr.*, for appellant.
*Daniel M. Mitchell, Jr., Gwendolyn A. Atkinson, James M. Bivins*, for appellees.