A07A0106. DEGUSSA WALL SYSTEMS, INC. v. SHARP.
(648 SE2d 687)

ADAMS, Judge.

Degussa Wall Systems, Inc. appeals from the trial court's orders dismissing a complaint filed by Senergy, Inc. against Monte R. Sharp and denying Senergy's "Motion to Amend Party Plaintiff, or in the alternative, Amended Complaint."

Senergy filed its complaint on March 3, 2001, seeking to recover on a guaranty signed by Sharp. The complaint originally named Bo Grant and Associates, Inc. and Howard Lee Grant as additional defendants, but they were later dropped from the lawsuit by consent order. Four years after the complaint was filed, on May 31, 2005, Sharp moved for summary judgment, asserting, inter alia, that Senergy was not a proper party to the action because its corporate charter had been revoked by the Rhode Island Secretary of State in November 2000, several months before it filed the complaint in this action. Sharp also provided certified documentation demonstrating that Senergy's shareholders had dissolved the corporation in April 1999.

On February 7, 2006, eight months after Sharp first raised the issue of Senergy's legal existence, the corporation filed its "Motion to Amend Party Plaintiff, or in the Alternative, Amended Complaint," which asserted without evidentiary support that the corporation had filed a name change to Degussa Wall Systems, Inc. with the Delaware Secretary of State's office. The motion sought to change the party plaintiff from Senergy to Degussa. On March 23, 2006, Senergy filed an affidavit in support of that motion from Degussa's corporate secretary. The affidavit stated that Senergy's "ultimate parent" company had been dissolved in March 1999, and all of the assets and liabilities of the Rhode Island Senergy were transferred to a Delaware corporation named Senergy, Inc. at that time.[1] The affidavit further stated that the Delaware Senergy changed its name to Degussa Wall Systems, Inc. in December 2003. Senergy provided records from the Delaware Secretary of State showing this name change.

---

[1] The affidavit did not reference any backup documentation showing the terms of that transfer.

But Sharp provided documentation suggesting that Degussa was incorporated in Delaware in February 1999, four years before the name change from Senergy to Degussa. Additionally, Sharp provided documents showing that in 2001, in a parallel federal action[2] between Senergy and one of the other original parties to this action, Senergy represented that the real party in interest in that action was "Senergy, Inc. . . . a corporation organized under the laws of the State of Rhode Island."

On April 11, 2006, the trial court held a hearing on Senergy's motions. That same day, Senergy filed a handwritten "Amended Complaint" listing Degussa as the plaintiff in the case caption, although the body of the amended complaint made no reference to the change in parties. Instead, it amended the amount of damages claimed against Sharp. At the hearing, the trial court denied Senergy's motion, and dismissed the complaint. The trial court's subsequent written order clarified that the court treated the portion of Sharp's Motion for Summary Judgment questioning the legal existence of plaintiff Senergy, Inc. as a plea in abatement, which sought dismissal of the complaint under OCGA § 9-11-17. Accordingly, the trial court granted that portion of Sharp's motion and dismissed the complaint without prejudice.

Senergy did not appeal the trial court's orders; rather, this appeal was brought by Degussa. Degussa contends the trial court erred in denying the motion to amend the party plaintiff because the affidavit of Degussa's corporate secretary provided adequate grounds to support the amendment. Degussa also contends the trial court violated the strictures of OCGA § 9-11-17 in dismissing the complaint on the ground that suit was not brought in the name of the real party in interest.

We need not address the merits of these arguments, however, because Degussa's appeal is without effect. It is well settled that "only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so." (Citation and punctuation omitted.) *Coffield v. Kuperman*, 269 Ga. App. 432 (604 SE2d 288) (2004); OCGA § 5-6-33. Degussa was neither a party to this action, nor did it intervene pursuant to OCGA § 9-11-24 to become a party. Rather, Senergy initiated the suit and subsequently moved under OCGA § 9-11-15 to amend the party plaintiff, or in the alternative, the complaint. Senergy did not appeal from the denial of its motions. And Degussa,

---

[2] Bo Grant and Associates, Inc. initiated that suit against Senergy, Inc., which removed the action to federal court. Senergy filed a counterclaim against Bo Grant for the debt at issue in this action, and indicated in later filings that Sharp was a guarantor of that debt.

who was not a party to the complaint or the motions, had no standing to complain of the trial court's rulings. *In the Interest of J. C. H.*, 224 Ga. App. 708, 710 (2) (482 SE2d 707) (1997).

Although the plaintiff's attorney filed one pleading in the trial court listing the plaintiff as "Degussa Wall Systems, Inc., f/k/a Senergy, Inc." and in subsequent pleadings named Degussa alone as the plaintiff, such unilateral action did not have the effect of making Degussa a party to the litigation. "In order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15, leave of court *must* first be sought and obtained pursuant to OCGA § 9-11-21." (Emphasis in original.) *Valdosta Hotel Properties v. White*, 278 Ga. App. 206, 209 (1) (628 SE2d 642) (2006). See also *Dollar Concrete Constr. Co. v. Watson*, 207 Ga. App. 452, 453 (428 SE2d 379) (1993). While leave of court is not required to correct a mere misnomer in a party name,[3] the attempted substitution of Degussa for Senergy was more than an attempt to correct a misnomer. The record reflects that at least three corporations bearing the name Senergy, Inc. — one each in Delaware, Florida, and Rhode Island — existed at one time or another, and there is at least some indication that a corporation named Degussa Wall Systems, Inc. was incorporated in Delaware in 1999, years before the recorded name change from Senergy to Degussa in 2003. Moreover, at the time this lawsuit was filed, Senergy represented in other court proceedings that it was a valid Rhode Island corporation, although it now says that Rhode Island corporation was dissolved in 1999. Given this conflicting information, we find that Senergy's amendment was no simple attempt to correct a name as a misnomer, but rather was a change in actual parties requiring leave of court under OCGA § 9-11-21. See *Smith v. Vencare, Inc.*, 238 Ga. App. 621, 629 (3) (a) (519 SE2d 735) (1999) (physical precedent only).

And because the trial court never allowed Degussa to become a party to the lawsuit, Degussa had no standing to appeal in this action. Accordingly, this appeal must be dismissed. *Coffield v. Kuperman*, 269 Ga. App. at 434; *In the Interest of J. C. H.*, 224 Ga. App. at 710 (2); *Astin v. Callahan*, 222 Ga. App. 226, 228 (2) (474 SE2d 81) (1996).

*Appeal dismissed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 22, 2007 —
RECONSIDERATION DENIED JULY 6, 2007 — ▮▮▮▮▮▮▮▮

*Scott M. Stevens*, for appellant.

---

[3] *Anderson v. Bruce*, 248 Ga. App. 733, 738, n. 15 (548 SE2d 638) (2001); OCGA § 9-10-132.

*Rosenzweig, Jones & MacNabb, Joseph P. MacNabb*, for appellee.