**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**June 8, 2012**

# In the Court of Appeals of Georgia

A12A0442. PNC BANK, N.A. v. TIDWELL et al.

McFADDEN, Judge.

Jennifer and Truman Littleton filed this action against National City Mortgage Company, asserting multiple claims arising from the allegedly wrongful foreclosure of a security deed. The trial court granted summary judgment to the Littletons and against National City Mortgage on the Littletons' breach of contract claim, and PNC Bank, N.A. filed this appeal. Because PNC Bank lacks standing to appeal an order entered against National City Mortgage, we dismiss the appeal.

The Littletons filed the complaint against National City Mortgage in 2007. (At one point, the trial court substituted bankruptcy trustee J. Coleman Tidwell for Jennifer Littleton as plaintiff. ) National City Mortgage filed an answer. Eventually, National City Mortgage stopped filing pleadings and "Defendant PNC Bank, N.A.,

the successor to National City Mortgage" began filing pleadings, although in the captions to the pleadings National City Mortgage Company was still listed as defendant. The appellate record contains no motion to correct the name of the defendant, order substituting PNC for National City Mortgage, or any other document indicating that PNC was substituted for National City Mortgage, the entity the plaintiffs sued and served with the complaint..

In an order entered in May 2011, the trial court, among other things, denied National City Mortgage's motion for summary judgment and granted the plaintiffs' motion for summary judgment on the breach of contract claim. The order listed National City Mortgage in the caption, and in the body simply referred to "Defendant"; nowhere in the order did the court refer to PNC. Nonetheless, PNC filed this appeal.

Like our Supreme Court, "[t]his [c]ourt has a solemn duty to inquire into its jurisdiction to entertain an appeal whenever there may be any doubt as to its existence." *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883, 884 (655 SE2d 605) (2008). We conclude that we lack jurisdiction over this appeal. "It is well settled that only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention

2

and has been denied the right to do so."(Citation and punctuation omitted.) *Degussa Wall Sys. v. Sharp*, 286 Ga. App. 349, 350 (648 SE2d 687) (2007). See also OCGA § 5-6-33 (a) (1) ("Either party in any civil case . . . in the superior, state, or city courts may appeal from any . . . judgment, decision, or decree of the court. . . ."); *Davis v. Deutsche Bank Natl. Trust Co.*, 285 Ga. 22, 24 (673 SE2d 221) (2009) ("the order or judgment must be appealable by the party filing the notice of appeal").

PNC was never made a party to this lawsuit and has no standing to appeal the trial court's entry of partial summary judgment against National City Mortgage. The fact that counsel unilaterally changed the defendant to PNC did not make PNC a party to the lawsuit. *Degussa*, 286 Ga. App. at 351. Under the Civil Practice Act, the addition, dropping or substitution of parties requires an order of the trial court. See OCGA §§ 9-11-21, 9-11-25; *Memar v. Styblo*, 293 Ga. App. 528, 530 n. 4 (667 SE2d 388) (2008) ("Where the effort is not to correct a misnomer but to add or substitute a new party by amendment, OCGA § 9-11-15 (a) must be read in pari materia with OCGA § 9-11-21, which requires a court order.").

Because the trial court never added or substituted PNC as the defendant, we must dismiss PNC's appeal. *Degussa*, 286 Ga. App. at 351. See also *Moore v. Reo Properties Accredited Home Lenders*, 307 Ga. App. 661, 662 (705 SE2d 887) (2011)

3

(discrepancy between the name of the plaintiff in the order and the name of the appellee required reversal and remand).

*Appeal dismissed. Barnes, P. J., and Adams, J., concur.*