## S12G2011. NATIONAL CITY MORTGAGE COMPANY v. TIDWELL et al.

(749 SE2d 730)

HUNSTEIN, Justice.

In this foreclosure action, the trial court granted partial summary judgment to bankruptcy trustee J. Coleman Tidwell against National City Mortgage Company. Addressing its jurisdiction sua sponte, the Georgia Court of Appeals dismissed the appeal on the grounds that PNC Bank, N.A. was not a party to the foreclosure lawsuit and therefore lacked standing to appeal the order entered against National City. See *PNC Bank, N.A. v. Tidwell*, 317 Ga. App. 275 (728 SE2d 786) (2012). We granted the petition for writ of certiorari to consider whether the Court of Appeals correctly held that PNC Bank lacked standing to appeal on behalf of its predecessor National City Mortgage Company. Because the Court of Appeals erred in concluding that the appeal must be dismissed due to the trial court's failure to substitute or join PNC Bank as a party under OCGA § 9-11-25 (c), we reverse and remand for the Court of Appeals to address the issues raised in this appeal.

Jennifer and Truman Littleton filed an action in 2007 against National City Mortgage Company alleging multiple claims related to the foreclosure of their home. While the action was pending, National City merged into PNC Bank. No motion was made to add or substitute PNC Bank as a party, and National City continued as the named defendant in the case. In 2010, the trial court granted National City's motion to substitute bankruptcy trustee J. Coleman Tidwell as the plaintiff. Tidwell moved for summary judgment, which the trial court granted in part on the breach of contract claim. A notice of appeal was filed in the Court of Appeals. The notice was entitled "Defendant National City's Notice of Appeal"; its first sentence states that "Defendant PNC Bank, N.A.[,] the successor to National City Mortgage" appeals the summary judgment order to the Court of Appeals. In its docketing notice, the clerk's office styled the case as "PNC Bank, N.A. v. J. Coleman Tidwell, trustee in bankruptcy for Jennifer P.

Littleton et al." The Court of Appeals found that PNC Bank filed the appeal and the record contained no order or other document substituting PNC Bank for National City as the defendant. Based on the trial court's failure to substitute or add PNC Bank as a party, the Court of Appeals dismissed the appeal for PNC Bank's lack of standing. We granted National City's petition for the writ of certiorari to consider this jurisdictional issue.

1. Rule 25 (c) of the Georgia Civil Practice Act is the procedural rule addressing the substitution of parties. OCGA § 9-11-25 (c) states: "In case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." This subsection vests in the trial court the discretion to determine whether the original plaintiff or defendant may continue the lawsuit alone or the surviving corporation must be substituted or joined as a party. See *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573 (3) (a) (377 SE2d 15) (1988). The Georgia Court of Appeals has previously held that a corporation's merger or consolidation with another corporation does not affect any pending action by the corporation, and the action may proceed as if the merger or consolidation had never taken place. See *Rosing v. Dwoskin Decorating Co.*, 141 Ga. App. 617 (1) (234 SE2d 128) (1977); see also *Employers' Liability Assurance Corp. v. Keelin*, 132 Ga. App. 459 (2) (208 SE2d 328) (1974) (if transfer of interest had been made during pendency of litigation, action could proceed as if merger had not taken place or the surviving corporation could be substituted as a defendant).

In interpreting statutes, our rules of statutory construction provide that the ordinary signification of words shall apply, "except words of art or words connected with a particular trade or subject matter." OCGA § 1-3-1 (b). By its plain language, OCGA § 9-11-25 (c) provides that an action may be continued by or against the original party following a transfer of interest *unless* a motion is filed and the trial court orders the substitution or joinder of the party to whom the interest has been transferred. Based on this subsection, this action continued against National City as the original defendant despite the transfer of its interest to PNC Bank through a merger, unless the trial court directed the substitution or joinder of PNC Bank as a party. Cf. *Georgia Power Co. v. Hunt*, 266 Ga. 331 (2) (466 SE2d 846) (1996) (absent a motion to remove the original defendant through substitution, the transferor remains a named party bound by the judgment). A review of the record shows that no party filed a motion seeking to substitute or join PNC Bank, and the trial court did not enter an order or direct that PNC Bank become a party. In the absence of such an

order, the action continues against National City as the original party, and it retains the right to appeal the trial court's order granting summary judgment against it.

This interpretation of OCGA § 9-11-25 (c) as permissive is consistent with the federal courts' interpretation of the analogous federal rule. Under Rule 25 (c) of the Federal Rules of Civil Procedure, a transfer of a party's interest after a lawsuit is filed does not compel the substitution or joinder of the entity receiving the interest.

> Rule 25 does not require that the court or the parties take any action after an interest has been transferred. Instead, the suit may continue with the original parties. Joinder or substitution is not required unless the court determines, in its discretion, that the transferee's presence would facilitate the case. Thus, in the absence of a motion to substitute, the case will continue without a change in the parties.

James Wm. Moore et al., 6 Moore's Federal Practice § 25.34 [2] (3d ed. 2013) (footnote omitted); see *State Fed. Sav. & Loan Assn. v. Campbell*, 848 F2d 1186, 1188-1189 (A) (11th Cir. 1988) (trial court properly continued action in name of original plaintiff following assignment of its interest when no motion for substitution made). This interpretation also comports with the Civil Practice Act's purpose to "secure the just, speedy, and inexpensive determination of every action on its merits" and "avoid dismissals of actions on technical grounds." *O'Kelley v. Alexander*, 225 Ga. 32, 32-33 (165 SE2d 648) (1969); see also *Felix v. State*, 271 Ga. 534, 535 (523 SE2d 1) (1999) (Appellate Practice Act intended to secure speedy and uniform justice, not "set traps and pitfalls by way of technicalities for unwary litigants").

The Court of Appeals premised its dismissal on the finding that PNC Bank filed the appeal. See 317 Ga. App. at 275, 276. The record, however, is ambiguous concerning which entity — National City or PNC Bank — appealed the trial court's order. The notice of appeal indicates that it was filed by National City as the "Defendant," although it also contains two references to PNC Bank appealing as the successor to National City. Assuming the Court of Appeals correctly found that PNC Bank filed the appeal, the most reasonable construction of the notice is that PNC Bank brought the appeal on behalf of, and in the name of, National City. Regardless of the name of the party bringing the appeal, it was not filed by a non-party. See Division 2. The case on which the Court of Appeals relied is distinguishable since it did not involve OCGA § 9-11-25 (c). See *Degussa Wall Systems, Inc. v. Sharp*, 286 Ga. App. 349 (648 SE2d 687) (2007)

(dismissing appeal where corporate plaintiff's existence ended before the lawsuit was filed and parties disputed whether Degussa was the plaintiff's successor).

2. Rule 25 (c) is a procedural rule and does not alter the substantive rights of the parties or the successor corporation. See 6 Moore's Federal Practice § 25.32. Thus, we must also consider the relevant substantive law in determining whether this action survives National City's transfer of interest to PNC Bank. See *Goodyear v. Trust Co. Bank*, 248 Ga. 407 (284 SE2d 6) (1981).

Under both federal and state law, the merger of two banks does not affect any claim or action pending by or against them. When corporations merge, state law provides that the title to each corporation's property vests in the surviving corporation without any conveyance, transfer, or assignment; the surviving corporation assumes all the liabilities of each corporation to the merger, and a proceeding pending against any corporation to the merger may continue as if the merger did not occur or the surviving corporation may be substituted in the proceeding. See OCGA § 14-2-1106 (a) (2)-(4); see also OCGA § 7-1-536 (f) ("Any claim existing or action pending by or against any party to the plan may be prosecuted to judgment as if the merger . . . or consolidation had not taken place or the resulting bank . . . may be substituted in its place."). Similarly, federal banking law provides that the corporate existence of merging banks shall continue in the "receiving association," which is considered the same corporation as its predecessor. Specifically, the National Banking Act states:

> The corporate existence of each of the merging banks or banking associations participating in such merger shall be merged into and continued in the receiving association and such receiving association shall be deemed to be the same corporation as each bank or banking association participating in the merger. All rights, franchises, and interests of the individual merging banks or banking associations in and to every type of property (real, personal, and mixed) and choses in action shall be transferred to and vested in the receiving association by virtue of such merger without any deed or other transfer. The receiving association, upon the merger and without any order or other action on the part of any court or otherwise, shall hold and enjoy all rights of property, franchises, and interests, . . . in the same manner and to the same extent as such rights, franchises, and interests were held or enjoyed by any one of the merging banks or banking

associations at the time of the merger, subject to the conditions hereinafter provided.

12 USC § 215a (e). Based on these statutes, the claims brought by and against National City in this action vested in PNC Bank following the merger and therefore the action could continue. Cf. *Goodyear*, 248 Ga. at 408 (plaintiff's claims based on his status as property owner did not survive the transfer of his property interest).

In conclusion, the Court of Appeals erred in dismissing the appeal under OCGA § 9-11-25 (c) for lack of standing based on the trial court's failure to add or substitute PNC Bank as the defendant. Because the two corporations are deemed the same entity under federal and state law by virtue of their merger, the claims originally filed by and against National City may continue. Having determined that the Court of Appeals erred in concluding that PNC Bank was a non-party and lacked standing to appeal, we reverse the judgment of the Court of Appeals and remand the case for it to consider the merits of the appeal.

*Judgment reversed and case remanded with direction. All the Justices concur, except Blackwell, J., who concurs in Division 2 and in the judgment.*

DECIDED OCTOBER 7, 2013.

*Carley, Gregory & Gregory, George H. Carley, Hardy Gregory, Jr., Antoinette D. Gregory, Ballard Spahr, Stefanie H. Jackman, Christopher J. Willis, Gary C. Tepper, Sarah T. Reise*, for appellant.
*Sell & Melton, Edward S. Sell III, James W. Davis*, for appellees.