[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15791
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-02615-TWT


STEFANI JACKSON,

                                                           Plaintiff-Appellant,

versus

BANK OF AMERICA, NA,
RUBIN LUBLIN SUAREZ SERRANO, LLC,
THPI ACQUISITION HOLDINGS LLC,

                                                           Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 22, 2014)

Before JORDAN, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Stefani Jackson appeals the dismissal of her suit against defendants Bank of America, N.A. ("BOA"), Rubin Lublin Suarez Serrano, LLC ("Rubin Lublin"), and THPI Acquisition Holdings LLC ("THPI") for violating Georgia's foreclosure laws, among other things. The only contention Jackson raises on appeal is that the district court lacked subject-matter jurisdiction and should have remanded the case to state court because the defendants failed to prove that Rubin Lublin, a non-diverse defendant, was fraudulently joined. After careful review, we affirm.

## I.

This dispute arose out of the non-judicial foreclosure sale of Jackson's property in Stone Mountain, Georgia (the "Property"). Jackson inherited the Property from her mother, who died in 2008. In 2007, Jackson's mother had obtained a loan from Countrywide Home Loans, Inc. ("Countrywide"), to purchase the Property. The loan was secured by a security deed executed by Jackson's mother in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide. Jackson signed all documents on behalf of her mother under power of attorney. The security deed gave MERS and its successors and assigns "the right to foreclose and sell the Property."

On September 21, 2009, MERS assigned and transferred the security deed to BAC Home Loans Service, LLP ("BAC") (the "Assignment"). BAC in turn

2

recorded the Assignment in the Deed Book in DeKalb County, Georgia, on September 26, 2009. On July 1, 2011, BAC merged with and into BOA.

Jackson alleges that, at some point, BOA "took over Countrywide" and that she began making payments to BOA. She also asserts that a BOA employee told her to stop making payments on the loan while she pursued modification of the loan. Thereafter, Jackson defaulted on the loan.

After default, Jackson received a letter from Rubin Lublin notifying her of an impending foreclosure sale. The notice stated that the sale was to be conducted by BOA, as successor by merger to BAC, on October 4, 2011.[1] BOA purchased the property at the non-judicial foreclosure sale, and in April 2012, sold the property to THPI by special warranty deed. THPI demanded possession of the property from Jackson and brought a dispossessory action against her when she failed to surrender possession. Jackson then filed the instant action in Georgia state court, and BOA removed it to federal court. The district court denied Jackson's motion to remand and granted the defendants' motions to dismiss. Jackson now brings this appeal, challenging the district court's subject-matter jurisdiction and the denial of her motion to remand.

---

[1] Although this notice of sale was attached to BOA's motion to dismiss, the district court properly considered it at the motion-to-dismiss stage because the document was central to one of Jackson's claims, and, despite Jackson's protestation that the notice was "not properly before this Court on a FRCP 12(b)(6) motion," Jackson did not dispute the authenticity of the document. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). In any case, Jackson does not challenge this determination on appeal.

3

## II.

The existence of federal subject-matter jurisdiction is a question of law that we review *de novo*. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) ("We review the district court's denial of [a] motion to remand *de novo*."). An action filed in state court may be removed to federal court based on diversity of citizenship, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. *See* 28 U.S.C. § 1441(a). An action removed based on diversity jurisdiction "must be remanded to state court if there is not complete diversity between the parties, or one of the defendants is a citizen of the state in which the suit is filed." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (citation omitted). Complete diversity requires that "no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268.

Although the plaintiff and defendants must be diverse to support diversity jurisdiction, the plaintiff's "fraudulent joinder" of a non-diverse defendant will not defeat complete diversity. *Stillwell*, 663 F.3d at 1332; *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."). Fraudulent joinder occurs "when a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction." *Stillwell*,

663 F.3d at 1332 (quotation marks and alteration omitted). In such a case, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Id.* at 1332 (quotation marks omitted).

To establish fraudulent joinder, the removing party bears the "burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (alteration omitted)). Only the first type of fraudulent joinder is at issue in the current case.

In determining whether the possibility exists that the plaintiff can establish a cause of action against the non-diverse defendant, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Stillwell*, 663 F.3d at 1333 (quotation marks omitted). If "even a possibility" exists that a state court would find that the complaint states a cause of action against the non-diverse defendant, the federal court must determine joinder to have been proper and remand the case to state court, *Crowe*, 113 F.3d at 1538 (citation omitted), though "[t]he potential for legal liability must be reasonable, not merely

5

theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1324-25 n.5 (11th Cir. 2005) (internal citation and quotation omitted).

The parties do not dispute that Jackson and Rubin Lublin were both Georgia citizens and that the case was originally filed in Georgia state court, so the district court lacked diversity jurisdiction over the removed case unless Rubin Lublin was fraudulently joined.[2]  The district court found that the plaintiff could not establish even an arguable cause of action against Rubin Lublin and denied Jackson's motion to remand on that basis.

In her lawsuit, Jackson contended that the defendants (BOA and Rubin Lublin jointly) violated O.C.G.A. § 44-14-162(b)—by failing to publicly record BOA's ownership of the security deed prior to sale—and O.C.G.A. § 44-14-162.2(a)—by failing to provide adequate notice of the foreclosure sale under *Reese v. Provident Funding Assocs., LLP*, 317 Ga. App. 353, 730 S.E.2d 551, 554 (2012), *vacated*, __ S.E.2d __, No. A12A0619, 2014 WL 1758895, (Ga. Ct. App. May 5, 2014).

Georgia law permits non-judicial foreclosure sales "as a means of enforcing a debtor's obligation to repay a loan secured by real property." *You v. JP Morgan*

---

[2]  We issued a jurisdictional question to the parties concerning the notice of removal's deficient allegations regarding THPI's citizenship.  After review of the parties' responses, we are satisfied that, at the time of removal, THPI was a citizen of Maryland and New York, so it was diverse from Jackson.  *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (noting that for purposes of assessing district court's subject matter jurisdiction, "the critical time is the date of removal").

*Chase Bank, N.A.*, 293 Ga. 67, 743 S.E.2d 428, 430 (2013); *see also Gordon v. S. Cent. Farm Credit, ACA*, 213 Ga. App. 816, 446 S.E.2d 514, 515 (1994) ("[A] security deed which includes a power of sale is a contract and its provision are controlling as to the rights of the parties thereto and their privies.") (quotation marks omitted). Security deeds and mortgage loans are transferrable by way of assignment in Georgia. O.C.G.A. § 44-14-64. After transfer, a power of sale in a security instrument may be exercised by an assignee or successor unless the instrument provides to the contrary. O.C.G.A. § 23-2-114.

In Georgia, a plaintiff asserting a claim of wrongful foreclosure must "establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 601 S.E.2d 842, 844-45 (2004). "Where a foreclosing party breaches his statutory duty to exercise the power of sale fairly and in good faith, the debtor may sue for damages for wrongful disclosure." *Racette v. Bank of Am., N.A.*, 318 Ga. App. 171, 733 S.E.2d 457, 462 (2012). A violation of the Georgia foreclosure statutes is necessary to constitute a wrongful foreclosure. *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 543 S.E.2d 755, 758 (2000).

Although Rubin Lublin is not the "foreclosing party" in this case, the Georgia Court of Appeals in *McCarter* indicated that a law firm, even if only

acting as foreclosure counsel for a creditor, could be a proper party to a wrongful-foreclosure action where the law firm is named as a defendant in the action and the plaintiff makes allegations of tortious misconduct against the law firm. *See id.* at 757-58 (rejecting the broad statement of law that the proper party to any claim for wrongful foreclosure is only the foreclosing creditor, not the law firm representing the creditor in the foreclosure, while concluding under the particular facts of that case that the law firm breached no tort duties to the plaintiff because the lender had the right to foreclose, and the foreclosure sale was conducted according to the foreclosure statutes).

Here, Jackson named Rubin Lublin as a defendant in the action and alleged that Rubin Lublin was a "joint tortfeasor" with BOA with respect to the claim for wrongful foreclosure. Although no specific allegations were made against Rubin Lublin alone, we may construe the wrongful foreclosure allegations as being asserted against Rubin Lublin, particularly when they concern actions that Rubin Lublin either did or did not take on BOA's behalf. *See Crowe*, 113 F.3d at 1539 ("When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually."). And, in light of the defendants' inclusion in the record of the letter from Rubin Lublin advising of the acceleration of payments and

8

impending foreclosure, at least this aspect of Rubin Lublin's involvement in the alleged tortious conduct is clear.

Therefore, pursuant to *McCarter*, it appears that Rubin Lublin could be considered a proper party to the action based on Jackson's allegations of tortious misconduct in violation of the Georgia foreclosure statutes.  To the extent that uncertainty in Georgia law exists on this point, we "resolve any uncertainties about state substantive law in favor of the plaintiff." *Stillwell*, 663 F.3d at 1333.  Having found that Rubin Lublin arguably could be held liable for a violation of the Georgia foreclosure statutes as a result of acting as foreclosure counsel for BOA, we turn to Jackson's contention that she stated a possible cause of action against Rubin Lublin under O.C.G.A. § 44-14-162(b) and *Reese*.

## A.

Added by the Georgia legislature in 2008, O.C.G.A. § 44-14-162(b) provides, "The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."

Jackson "specifically does not deny that BOA is the secured holder of the note" but asserts that the foreclosure sale was void because BOA did not appear in the public record before the foreclosure sale.  She argues that the intent of the

9

legislature was to require that the secured creditor be identifiable by public records. *See Duke Galish LLC v. SouthCrest Bank*, 314 Ga. App. 801, 726 S.E.2d 54, 55-56 (2012) (stating that the legislative purpose behind O.C.G.A. § 44-14-162(b) was "requiring foreclosures to be conducted by the current owner of the mortgage, as shown by public records," but declining to address the remedy for failure to comply with the provision).

In this case, it is undisputed that BAC recorded the Assignment of the Security Deed from MERS on September 26, 2009. On July 1, 2011, BAC merged into and with BOA. No further assignment or recordation was made before the foreclosure sale in October 2011. Jackson argues that the September 2009 Assignment is insufficient under O.C.G.A. § 44-14-162(b) because BOA was not named as the owner in that record.

"When corporations merge, state law provides that the title to each corporation's property vests in the surviving corporation without any conveyance, transfer, or assignment." *Nat'l City Mortg. Co. v. Tidwell*, 293 Ga. 697, 749 S.E.2d 730, 733 (2013); *see* O.C.G.A. §§ 7-1-536(f), 14-2-1106(a)(2). Thus, a "a proceeding pending against any corporation to the merger may continue as if the merger did not occur or the surviving corporation may be substituted in the proceeding," because "the two corporations are deemed the same entity under federal and state law by virtue of their merger." *Tidwell*, 749 S.E.2d at 733-34.

10

When BAC merged with and into BOA, the rights under the security deed vested automatically in BOA "without any conveyance, transfer, or assignment." *See id.* at 733. As a result, there was no "security instrument or assignment thereof" vesting BOA with title to the security deed other than the Assignment recorded in September 2009. *See* O.C.G.A. § 44-14-162(b). Accordingly, BOA satisfied the plain terms of O.C.G.A. § 44-14-162(b) because the "assignment . . . vesting [BOA] with title to the security instrument" was filed with the clerk "prior to the time of sale." Under Georgia law, "[w]here the plain language of the statute is clear and susceptible to only one reasonable construction, we must construe the statute according to its terms." *You*, 743 S.E.2d at 431. Based on the plain language of the statute, Jackson cannot even arguably show that Rubin Lublin breached a duty owed to her. *See Heritage Creek Dev. Corp.*, 601 S.E.2d at 844-45; *McCarter*, 543 S.E.2d at 758.

## B.

Jackson also contends that she stated a possible claim under *Reese*. While she acknowledges that the holding of *Reese* is no longer good law, she asserts that, at the time of removal—the operative time for assessing the district court's jurisdiction—*Reese* provided a viable basis for a cause of action. We find Jackson's argument unavailing, even assuming *Reese* controls.

11

*Reese* held that a notice of foreclosure sale sent by a creditor to a debtor under O.C.G.A. § 44-14-162.2(a) must identify the secured creditor, which *Reese* defined as the owner of the loan. *Reese*, 730 S.E.2d at 554. In *You*, however, the Georgia Supreme Court abrogated *Reese* and clarified that (1) the holder of a security deed can be considered a "secured creditor" authorized to exercise the power of sale in accordance with a security deed even if the holder does not also hold the note; and (2) the notice required under O.C.G.A. § 44-14-162.2(a) need only identify "the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor," which may be the holder of the security deed, the holder of the note, or an attorney or servicing agent. *You*, 743 S.Ed.2d at 431-34.

In this case, the notice of foreclosure sale that Rubin Lublin sent to Jackson identified BOA as the secured creditor. Jackson's complaint alleges that BOA was both the holder of the loan, having taken over Countrywide and thereafter receiving payments on the loan from Jackson, and the holder of the security deed. Furthermore, Jackson states on appeal that she "specifically does not deny that BOA is the secured holder of the note." Accordingly, even under *Reese*, the notice was sufficient because it identified the secured creditor, and Jackson does not even arguably state a claim against Rubin Lublin.

12

### III.

For the foregoing reasons, we conclude that BOA, the removing defendant, met its burden of showing that there was no possibility that Jackson could establish a cause of action against Rubin Lublin under Georgia state law. *See Stillwell*, 663 F.3d at 1332-34. Accordingly, we affirm the district court's denial of Jackson's motion to remand for lack of subject-matter jurisdiction.

**AFFIRMED**.