# Court of Appeals
# of the State of Georgia

ATLANTA,  July 09, 2024

*The Court of Appeals hereby passes the following order:*

## A24D0380. JOHNNY BRETT GREGORY v. TAMMY Y. JACKSON et al.

In November 2022, Tammy Y. Jackson and Pamela Cooper filed a partition action against defendants Syble Gregory and Bridget Lynn Suttles. A month later, Suttles filed a separate quiet title action involving the same parties and property in her capacity as the executor of the estate of James Lee Cooper. Jackson filed a motion for consolidation in each case, but the trial court did not rule on either motion. Syble Gregory died, and a suggestion of death was filed in the partition action in March 2023. No substitution of party has been made, and it appears that the partition action is ongoing.

On May 29, 2024, the trial court dismissed the quiet title action for lack of service and joinder issues. Johnny Brett Gregory — Syble Gregory's son — has filed a pro se application for discretionary review challenging the court's dismissal of the quiet title action. Jackson has filed a motion to dismiss, arguing that Johnny Brett Gregory lacks standing to appeal. We agree.

"It is well settled that only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so." *Degussa Wall Systems v. Sharp*, 286 Ga. App. 349, 350 (648 SE2d 687) (2007) (citation and punctuation omitted); see also OCGA § 5-6-33 (a) (granting a right of appeal to "[e]ither *party* in any civil case") (emphasis supplied). Further, parties can only be added by court order. See OCGA § 9-11-21 (providing that parties may be added "by order of the court"); *O'Brien v. Builders Ins.*, 350 Ga. App. 77, 78 (2) (827 SE2d 917) (2019) ("Intervention does not occur until the court enters an

order permitting it.") (citation and punctuation omitted).

Here, there is no indication that Johnny Brett Gregory ever sought — or was denied the opportunity — to intervene in the quiet title action. Although Johnny Brett Gregory asserts that he was joined as a party pursuant to a filed proposed order, the purported ruling is not only limited to the partition action, the proposed order is of no effect because it is unsigned by the judge. See OCGA § 9-11-58 (b) (no judgment is effective for any purpose until such judgment, "signed by the judge," is filed with the clerk). Thus, pretermitting whether a discretionary application was appropriate here,[1] in the absence of a court order adding Johnny Brett Gregory as a party in the quiet title action, he lacks standing to appeal. Accordingly, Jackson's motion to dismiss this application is hereby GRANTED, and the application is hereby DISMISSED. Johnny Brett Gregory's motions to supplement the record and for the Court to take judicial notice of certain facts are DENIED AS MOOT.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 07/09/2024

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Because the application materials contain no order consolidating the cases, the trial court order dismissing the quiet title action was a final judgment, and no provision of OCGA § 5-6-35 (a) appears to apply.