MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2020 ME 84
Docket:      Ken-19-144
Submitted
  On Briefs: October 24, 2019 and May 12, 2020
Decided:     June 9, 2020

Panel:       MEAD, GORMAN, JABAR, and HUMPHREY, JJ., and HJELM, A.R.J.*

U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR BANC OF AMERICA
FUNDING 2008-FTI TRUST, MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2008-FTI

v.

DUANE C. BEEDLE et al.


JABAR, J.

[¶1]  U.S. Bank, National Association, as Trustee for Banc of America

Funding 2008-FTI Trust, Mortgage Pass-Through Certificates Series 2008-FT1

("U.S. Bank") appeals from a District Court judgment (Waterville,

*Montgomery, J.*) entered in favor of Duane Beedle following a bench trial in

this foreclosure action.  The judgment was based on the court's conclusion

that U.S. Bank did not prove that it owns the mortgage and therefore does not

have standing to file a foreclosure action.  Because the evidence establishes, as

---

  * Justice Hjelm participated in the initial conference while he was an Associate Justice and, on
order of the Senior Associate Justice, was authorized to continue his participation in his capacity as
an Active Retired Justice.  Justice Alexander participated in the initial conference but retired before
this opinion was certified.

a matter of law, that the 2012 assignment of the mortgage was enforceable, we vacate the judgment and remand the matter to the District Court with instructions to consider the evidence on the remaining aspects of U.S. Bank's foreclosure claim.

## I.  BACKGROUND

### A.  Mortgage and Assignment History

[¶2]  On September 18, 2003, Duane and Julie Beedle executed a note and mortgage in favor of lender Fleet National Bank for the purchase of property located in Belgrade.

[¶3]  In 2012, the mortgage was assigned to U.S. Bank, National Association, as trustee for the certificate-holders of the Banc of America Funding Corporation 2008-FTI Trust, Mortgage Pass-Through Certificates, Series 2008-FTI ("Assignee #1").[1]  Although the assignment provided that "Fleet National Bank . . . hereby assigns to [Assignee #1] all Assignor's right, title and interest in and to the [Beedle] mortgage," it was signed by an agent of Bank of America, N.A. ("BOA"), as Fleet's successor by merger.  The signature for the assignor reads "Bank of America, N.A. SBM to Fleet National Bank."

---

[1]  The names of the first assignee and the plaintiff, U.S. Bank, are strikingly similar.  For clarity, we refer to the first assignee as "Assignee #1."

[¶4]   Julie and Duane Beedle divorced in 2012.   On April 13, 2014, Duane Beedle executed a "Home Affordable Modification Agreement" to "amend and supplement" the note and the mortgage.   Not long after, Duane Beedle stopped making mortgage payments and, in November 2016, the servicer of the mortgage sent Beedle a notice of default.   Beedle did not cure the default, and U.S. Bank declared the entire principal amount outstanding.

[¶5]   A second assignment was executed on April 17, 2017, by which U.S. Bank claims that Assignee #1 assigned its interest in the mortgage to U.S. Bank.[2]   U.S. Bank commenced this action soon after.

B.     The Foreclosure Action

[¶6]   A bench trial was held on August 16, 2018.   Among other things, Beedle objected to U.S. Bank's introduction of the 2012 assignment to Assignee #1.   Pointing to BOA's signature as Fleet's successor by merger on the 2012 assignment, Beedle's attorney stated:

> I assume the Court is aware successor by merger, which would indicate that in 2012, when this was assigned [by] Fleet Bank, Fleet National Bank did not exist, and while the signature is done by Bank of America successor by merger, the assignment itself is by Fleet National Bank, which didn't exist, which could not have

---

[2] Given its conclusion that U.S. Bank did not own the mortgage because the first assignment was ineffective, the court did not reach Beedle's assertion that the second assignment was unenforceable.

assigned anything at that point.  Therefore, the assignment is not valid and I don't think it should be admitted.

Counsel for U.S. Bank responded by explaining, *inter alia*, that "Fleet National Bank is the entity named in the mortgage, Bank of America has authority, as successor by merger to Fleet National Bank, and is therefore the one that executed the assignment. . . .  Bank of America, as successor by merger, has the authority to execute assignments on an assumed entit[y's] behalf."  Beedle's attorney disagreed, stating:

> Well, there's no evidence of any of that, Your Honor.  What this is, is an assignment from Fleet National Bank to [Assignee #1] . . . .  Fleet National Bank did not own the mortgage at the time because it became part of Bank of America, *as is evidenced by the signature*.  If it's required for the signature, it's required for the assignor.  It's not the proper assignor, therefore this transfers nothing.[3]

(Emphasis added.)  The court reserved ruling on the admissibility of the 2012 assignment, as well as certain other evidence introduced by U.S. Bank.  The record was left open, but U.S. Bank did not present any additional evidence relating to BOA's merger with Fleet.

[¶7]  In an order entered on January 16, 2019, after the parties filed written summations, the District Court found that U.S. Bank "failed [to] meet

---

[3]  It appears Beedle's argument was that the assignment was invalid based solely on the fact that it states "Fleet National Bank . . . hereby assigns to [Assignee #1] all Assignor's right, title and interest in and to the [Beedle] mortgage," instead of reading "*Bank of America* hereby assigns . . . ."

its burden of proving ownership of the mortgage due to a faulty [2012] assignment." The court explained:

> In the first assignment [of] record in this case, Bank of America's agent as successor by merger would have authority to assign right, title and interest in the mortgage *only if* the assignor actually owned the right, title, and interest it purported to assign. Without any evidence establishing the occurrence of the merger and what interests, if any, in the mortgage were actually transferred, there is a break in the chain of ownership of the mortgage. . . . Proof of the merger is the missing link in the ownership chain because without it, the court cannot conclude what right, title or interest, if any, in the mortgage was *transferred* from Fleet National Bank to [Assignee #1].

(Emphases in original.) As a result, the court concluded that U.S. Bank failed to prove ownership of the mortgage and therefore lacked standing to foreclose on the property. The court entered judgment in favor of Beedle.[4]

[¶8] U.S. Bank filed a motion to reconsider, *see* M.R. Civ. P. 59, arguing that the court should have taken judicial notice of Fleet's merger with BOA or, alternatively, dismissed the complaint without prejudice. U.S. Bank attached two documents to its motion as proof of the merger, including an affidavit signed by an assistant secretary of BOA stating that Fleet had merged into BOA on June 13, 2005, and a copy of Fleet National Bank's institution history

---

[4] *See infra* note 5.

6

page from the Federal Financial Institutions Examination Council's website, which also showed that Fleet had merged into BOA.

[¶9]   The court denied U.S. Bank's motion to reconsider on April 4, 2019, and U.S. Bank timely appealed.  M.R. App. P. 2B(c)(2)(D).

## II. DISCUSSION

[¶10]   U.S. Bank contends that the District Court erred when it found that U.S. Bank failed to carry its burden of proving ownership of the mortgage and accordingly lacked standing to foreclose on the property.[5]  "We review the facts underlying a determination of standing for clear error, and we review the court's ultimate determination of standing de novo as an issue of law." *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 6, 96 A.3d 700 (citations omitted).

---

[5] U.S. Bank raises three alternative arguments.  First, U.S. Bank contends that the District Court should have taken judicial notice of the merger even though U.S. Bank did not ask the court to do so until after the record was closed.  *See* M.R. Evid. 201.  Next, U.S. Bank contends that the court should have concluded that Beedle was statutorily barred from challenging the validity of the assignment.  Finally, U.S. Bank contends that the court erred by entering judgment for Beedle instead of dismissing the complaint without prejudice for lack of standing.  Because we hold that U.S. Bank proved that the 2012 assignment was effective—an issue that is relevant to standing but also separately to the merits of its foreclosure claim, *see Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 9, 18, 96 A.3d 700—we do not address these remaining arguments.  *But see, e.g., Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 24, 122 A.3d 947 (vacating judgment and remanding for an entry of a dismissal without prejudice in foreclosure action where plaintiff lacked standing).

A.     Standing Requirements

[¶11]    "Because foreclosure regards two documents—a promissory note and a mortgage securing that note—standing to foreclose involves the plaintiff's interest in both the note and the mortgage."  *Id.* ¶ 9.   "[T]he mortgage portion of the standing analysis requires the plaintiff to establish *ownership* of the mortgage."  *Id.* ¶ 12 (emphasis in original); *see* 14 M.R.S. § 6321 (2020).    The plain language of section 6321 requires "that the mortgagee 'produce evidence' of various documents and transactions," including those establishing ownership of the mortgage.  *Bank of Am., N.A. v. Cloutier*, 2013 ME 17, ¶ 13, 61 A.3d 1242 (quoting 14 M.R.S. § 6321).  Because an assignee's interest in a mortgage cannot exceed the interest possessed by the assignor, *see Greenleaf*, 2014 ME 89, ¶ 16, 96 A.3d 700, U.S. Bank needed to establish the validity of the 2012 and 2017 assignments in order to prove that it owned the mortgage.

[¶12]   The court concluded that U.S. Bank failed to carry its burden of proving the chain of ownership of the mortgage because the 2012 assignment was ineffective and U.S. Bank therefore lacked standing.   We disagree and address the evidence relating only to the 2012 assignment because that was

8

the dispositive aspect of the court's judgment and the court did not reach the effectiveness of the second assignment.

B.     Evidence of the Merger

[¶13]   With regard to the 2012 assignment, the court properly found that BOA, as Fleet's successor by merger, would have the "authority to assign right, title and interest in the mortgage *only if* the assignor actually owned the right, title, and interest it purported to assign."

[¶14]   Mergers of national banks are governed by The National Bank Act, which provides, in part:

> The corporate existence of each of the merging banks or banking associations participating in such merger shall be merged into and continued in the receiving association and *such receiving association shall be deemed to be the same corporation as each bank or banking association participating in the merger*.  All rights, franchises, and interests of the individual merging banks or banking associations in and to every type of property (real, personal, and mixed) and choses in action *shall be transferred to and vested in the receiving association by virtue of such merger without any deed or other transfer*.

12 U.S.C.S. § 215a(e) (LEXIS through Pub. L. No. 116-140) (emphases added).

[¶15]   Similarly, 9-B M.R.S. § 357 (2020) governs the effect of bank mergers in Maine.  That statute provides that, upon a merger,

> [e]ven though the charter of any participating or converting institution has been terminated, *the resulting institution shall be deemed to be a continuation of the entity* of the participating or

converting institution such that all property of the participating or converting institution, including rights, titles and interests in and to all property of whatsoever kind . . . shall *immediately by act of law and without any conveyance or transfer and without further act or deed be vested in and continue to be that property of the resulting institution*; and such institution . . . shall continue to have and succeed to all the rights, obligations and relations of the participating or converting institution.

9-B M.R.S. § 357(1) (emphases added).

[¶16]  Accordingly, Fleet's right, title, and interest in the mortgage continued in BOA, the receiving entity, automatically upon the merger, as a matter of both state and federal law.  *See* 12 U.S.C.S. § 215a(e); 9-B M.R.S. § 357(1); *Nat'l City Mortg. Co. v. Tidwell*, 749 S.E.2d 730, 733 (Ga. 2013) ("[F]ederal banking law provides that the corporate existence of merging banks shall continue in the 'receiving association,' which is considered the same corporation as its predecessor."); *see also White v. Bank of Am., N.A.*, 597 F. App'x 1015, 1019-20 (11th Cir. 2014) (holding that, under federal law and the applicable state law, "when [Bank #1] merged with and into [Bank #2], the rights and interests [Bank #1] had in the Security Deed were transferred to and vested in [Bank #2] without any further deed or transfer" and Bank #2 was therefore authorized to institute foreclosure proceedings).

[¶17]  The signature on the 2012 assignment signifies that BOA signed as a successor entity to Fleet.  Beedle did not deny that Fleet was acquired by

and merged into BOA. Indeed, Beedle's objection to the admission of the 2012 assignment was predicated on the very fact of that merger. Beedle claimed that, *because of the merger*, Fleet no longer existed, rendering BOA's signature as successor to Fleet ineffective. BOA, however, as Fleet's successor by merger, is statutorily "deemed to be a continuation of [Fleet]." 9-B M.R.S. § 357(1). The signature on the notarized document, reading "Bank of America, N.A. SBM [successor by merger] to Fleet National Bank," is itself evidence establishing that there was a merger between Fleet and BOA, and Beedle does not contend otherwise.[6] Thus, the court misapprehended the nature of Beedle's objection and consequently erred when it concluded that "proof of the merger is the missing link in the ownership chain."

[¶18] BOA's signature as Fleet's successor by merger on the 2012 assignment was enough to establish BOA's ownership and authority to execute the assignment to Assignee #1 because Fleet's interest in the mortgage vested in and was transferred to BOA automatically upon the merger by operation of law.

---

[6] As Beedle's attorney asserted at trial, "Fleet National Bank did not own the mortgage [in 2012] because it became part of Bank of America, *as is evidenced by the signature*." Additionally, in his opposition to U.S. Bank's motion for reconsideration of the judgment, Beedle stated that he was not challenging U.S. Bank's standing. Because, to have standing, a plaintiff in a foreclosure action must own the mortgage, *see Greenleaf*, 2014 ME 89, ¶ 12, 96 A.3d 700, this must be seen as an additional acknowledgment by Beedle that U.S. Bank is the mortgagee.

### III. CONCLUSION

[¶19]  Fleet's interest in and ownership of the mortgage vested in and transferred to BOA automatically upon the merger by operation of law.  BOA's signature as Fleet's successor by merger on the 2012 assignment was enough to establish BOA's ownership and authority to execute the assignment to Assignee #1.  With respect to that assignment, there was no need for U.S. Bank to present additional evidence showing that Fleet's interests transferred to BOA.  We therefore remand this action for the District Court to adjudicate whether, on this record, U.S. Bank also proved the effectiveness of the 2017 assignment, *see supra* n.2, and the remaining elements of its claim.

The entry is:

> Judgment vacated.  Remanded to the District Court for further action consistent with this opinion.

---

William C. Sandelands, Esq., and Frank E. De Grim, Esq., Sandelands Eyet LLP, Bedminster, New Jersey, for appellant U.S. Bank

Joshua Klein-Golden, Esq., Clifford & Golden, PA, Lisbon Falls, for appellee Duane C. Beedle